█ MATILDA DRAGO, Respondent, v LEE BULLER, Also Known as OLYMPIA DRAGO, et al., Appellants.—Order, Supreme Court, New York County, entered October 12, 1976, denying defendants-appellants' motion to dismiss plaintiff-respondent's complaint, unanimously reversed, on the law, and the motion granted, without costs and without disbursements. A dispute between plaintiff, a 25% stockholder of a set of corporations which owned a chain of stores with slightly differing names, and the individual defendants, owners of the other 75% of shares, ripened into a suit for accounting and related relief, the "first action." On July 31, 1975, the parties entered into a written agreement for division of the properties, which also discontinued the first action with prejudice. However, on March 10 following, plaintiff brought a second action, stating causes identical with those in the first action; it was dismissed on motion by Special Term's holding that the causes pleaded had effectively ceased to exist by reason of the July 1975 stipulation. Undaunted, plaintiff commenced a third action, identical with its predecessors except for addition of a cause for rescission of the agreement of settlement. Special Term denied a motion to dismiss, holding that "the instant complaint states valid and proper causes of action not barred by the earlier dismissal." However, the transactions claimed to provide a basis for rescission all took place and were known to plaintiff prior to the first action's inception. "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or

impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306–307). This disposition is, however, without prejudice to a plenary suit, if so advised, by plaintiff founded upon alleged breach by defendants of the July 1975 agreement of settlement of the first action. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.