■ BERNARD KAUFMANN, Respondent, v DORIS K. TERR, Appellant.—In an action to recover damages arising out of defendant's alleged violations of her fiduciary duties as executrix of a New Jersey decedent's estate, defendant appeals from two orders of the Supreme Court, Kings County, one dated November 13, 1978, and the other dated May 17, 1979, both of which denied her motions for summary judgment dismissing the complaint. Order dated May 17, 1979 reversed, on the law, and defendant's motion for summary judgment dismissing the complaint granted. Appeal from the order dated November 13, 1978 dismissed as academic, in light of the determination on the appeal from the order dated May 17, 1979. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff's complaint contains several causes of action which are all inextricably interwoven with defendant's alleged misconduct in administering the estate of the parties' deceased brother. Said estate was probated in New Jersey, the domicile of the decedent and of the defendant executrix. Subsequent to the commencement of the instant action, defendant brought a proceeding in the Probate Division of the Middlesex New Jersey County Court for settlement of her first amended and final accounting. Although duly served as a beneficiary, plaintiff failed to file either objections or exceptions to the accounting. On or about December 18, 1978, the Middlesex County Court, upon the report of the Surrogate, issued an "order for judgment" settling the amended final account. Relying upon the New Jersey decree, defendant moved for summary judgment dismissing the complaint as barred by *res judicata.* The motion having been denied, defendant appeals. It is plain that the instant action is premised upon allegedly wrongful acts performed by the defendant as executrix of her brother's estate. Equally plain is that such challenge should have been made in the New Jersey accounting proceeding because the two actions are sufficiently identical so that a different judgment in the present action would seriously impair the integrity of the New Jersey decree (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *Drago v Buller,* 60 AD2d 518). It is of no significance that there was no actual determination of the issues now raised in the plaintiff's complaint, because the plaintiff, as a party to the New Jersey proceeding, should have then exercised his opportunity to litigate such issues (see *Drago v Buller, supra).* Consequently, as a result of the New Jersey judgment settling the defendant's account as executrix, the plaintiff is now barred by the principles of *res judicata* from litigating the issues raised in the complaint. We note that although this action was commenced prior to the New Jersey proceeding, *res judicata* looks to the existence of a judgment which disposes or should have disposed of the issues. The New Jersey judgment settling the account is such a judgment. Nor is it of any consequence that the defendant is now being sued in her individual capacity, because a review of the complaint leaves no doubt that the various

causes of action are founded upon the defendant's actions as executrix. This is also true of defendant's alleged misappropriation of decedent's personal property from a safe deposit box (see EPTL 13-3.4; 6 Clapp, NJ Prac [3d ed], Wills and Administration, §§ 681, 1022; NJ Stat, § 3A:2A-54, eff Sept. 1, 1978). Accordingly, defendant's motion for summary judgment dismissing the complaint should have been granted. Hopkins, J. P., Rabin, O'Connor and Weinstein, JJ., concur.