JOEL TAMIR, Respondent, v EMANUEL LAMB et al., Doing Business

as THE BREAKERS, Appellant.—In an action to recover a sum of money under a "purported partnership agreement", defendant partnership appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, dated October 23, 1979, as, after a nonjury trial, held it liable for the return of the money. Judgment reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed as to the appellant. Plaintiff Joel Tamir entered into an agreement with defendants Lamb and Adams to receive a 10% share of their "division of money at the Breakers Hotel". Plaintiff paid $15,000 in turn for the 10% share. "The Breakers" was a partnership consisting of defendants Hamel, Lamb and Adams. No evidence was presented to show that Hamel was involved in, or had any knowledge of, the agreement. It is clear that the agreement was solely between the plaintiff, Lamb and Adams, and that, without Hamel's consent, plaintiff was not a partner in the partnership known as "The Breakers" (see Partnership Law, § 40, subd 7). Furthermore, the evidence at trial failed to establish that the partnership received or derived any benefit from the agreement, that Lamb or Adams was carrying out any partnership business or that they had any authority for what they did (see Partnership Law, § 20, subd 2). Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.