■ NICHOLAS MARINELLI, Respondent, v ROSEMARY MARINELLI, Appellant. — In a matrimonial action, the defendant wife appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Velsor, J.), dated April 22, 1981, which, *inter alia,* directed the plaintiff husband to commence paying child support as of May 1, 1981. Judgment modified, on the facts, by deleting the date May 1, 1981 from the fourth decretal paragraph and substituting the date October 29, 1979. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Without explanation, the trial court ordered that the husband begin paying child support of $100 per week as of May 1, 1981, nine days after execution of the judgment. Under the particular circumstances of this case, the commencement date of the payments was inappropriate. The parties separated in May, 1978, when the husband left the marital home. The husband contributed minimal amounts of support for his son until November, 1980 when he refused to make further payments. The wife had been working full time until September, 1979. She became disabled and received her last regular salary check on October 29, 1979. Thereafter her income was significantly reduced by her disability. She asked for more financial support from her husband, but she took no immediate legal action when he did not comply. In our view, the trial court was unduly influenced by the wife's failure to make an application for interim financial support. The date fixed for child support to begin should have coincided with the date that the wife stopped receiving her regular salary. The husband should be credited with any amounts he did pay in support of the child since October 29, 1979. We have considered the other arguments presented on this appeal and find them to be without merit. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.