■ Nicholas Marinelli, Respondent, v Rosemary Marinelli, Appellant. — In a matrimonial action, the defendant wife appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Velsor, J.), dated April 22, 1981, which, *inter alia,* directed the plaintiff husband to commence paying child support as of May 1, 1981. Judgment modified, on the facts, by deleting the date May 1, 1981 from the fourth decretal paragraph and substituting the date October 29, 1979. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Without explanation, the trial court ordered that the husband begin paying child support of $100 per week as of May 1, 1981, nine days after execution of the judgment. Under the particular circumstances of this case, the commencement date of the payments was inappropriate. The parties separated in May, 1978, when the husband left the marital home. The husband contributed minimal amounts of support for his son until November, 1980 when he refused to make further payments. The wife had been working full time until September, 1979. She became disabled and received her last regular salary check on October 29, 1979. Thereafter her income was significantly reduced by her disability. She asked for more financial support from her husband, but she took no immediate legal action when he did not comply. In our view, the trial court was unduly influenced by the wife's failure to make an application for interim financial support. The date fixed for child support to begin should have coincided with the date that the wife stopped receiving her regular salary. The husband should be credited with any amounts he did pay in support of the child since October 29, 1979. We have considered the other arguments presented on this appeal and find them to be without merit. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.

■ Rosemary Marinelli, Appellant, v Nicholas Marinelli, Respondent. — In an action, *inter alia,* to recover for moneys expended on necessaries, the plaintiff wife appeals from an order of the Supreme Court, Kings County (Composto, J.), entered May 22, 1981, which granted the defendant husband's motion to dismiss the complaint. Order affirmed, without costs or disbursements. In August, 1978 the husband commenced an action for divorce in the Supreme Court, Nassau County. Following the interposition of an answer and counterclaim by the wife, the action proceeded to trial and, in April, 1981, a judgment of divorce was entered (see *Marinelli v Marinelli,* 88 AD2d 635). The

judgment dissolved the marriage because of the husband's abandonment, awarded the wife custody of the couple's only infant issue (born July 18, 1977), provided for visitation by the husband, directed the husband to pay $100 per week as child support, directed entry of a money judgment against the wife and in favor of the husband in the amount of $5,759.69 (arising from certain bank accounts of the parties), awarded the wife exclusive possession of the marital residence until such time as the husband commenced a partition action, denied alimony to the wife and denied her request for a counsel fee. The wife commenced the instant action in January, 1981, (1) to obtain reimbursement for necessaries paid for by her, for herself and the infant from the time the husband left the marital home in May, 1978, (2) for a judgment representing one half of the proceeds of a particular joint savings account, (3) to impress a constructive trust on one half of the family car, which vehicle the husband had taken upon his departure from the family home, and (4) to impress a constructive trust on one half of the proceeds of certain life insurance and annuity policies surrendered by the husband. Special Term, citing *Schuylkill Fuel Corp. v Nieberg Realty Corp.* (250 NY 304, 306-307), *Drago v Buller* (60 AD2d 518), *Cowan & Co. v National Bank of North Amer.* (64 AD2d 603) and *Kaufmann v Terr* (74 AD2d 840), dismissed the complaint on the ground that the causes of action were barred by *res judicata* because they could have been litigated in the matrimonial action. On this appeal, the wife argues that the husband has a duty to provide for necessaries, that the joint bank account was different from the accounts which had been scrutinized in the matrimonial action and that the family car and the insurance and annuity policies had not been considered in that action. The husband, aside from asserting *res judicata,* argues that the second cause of action sounds in conversion and is barred by the three-year Statute of Limitations. We have reviewed the records in this matter and in the matrimonial action. There is no reason why the issues raised in the instant action could not have been raised by the wife in that action. As Special Term concluded: "Here, the parties had the opportunity to have *all* of their marital disputes resolved as an incident to, and as part of, their divorce action. That was the appropriate forum within which to properly adjudicate the marital property and financial matters of the type being raised herein, and the parties had the right to expect that any such matters not there considered were not going to be litigated. The [wife's] subsequent commencement of this separate unrelated plenary action outside of the matrimonial framework seriously impairs this right and cannot be sanctioned." (Cf. *Smith v Russell Sage Coll.,* 54 NY2d 185.) We also hold that the second cause of action is time barred by the three-year limitations period in CPLR 214. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.