■ YVETTE BORONOW, Respondent, v EUGENE BORONOW, Appellant. — In an action for a declaratory judgment and to impress a constructive trust upon a certain parcel of real property, defendant appeals from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated April 5, 1983, as denied his cross motion to dismiss the complaint.

Order reversed insofar as appealed from, on the law, without costs or disbursements, defendant Eugene Boronow's cross motion granted, and action dismissed.

In October of 1982 plaintiff Yvette Boronow commenced the instant action against defendant Eugene Boronow, seeking (1) a declaratory judgment to the effect that, under Puerto Rican law, which plaintiff claims must be applied herein, she is entitled to one half of all the property, real and personal, including the former marital premises, acquired during the marriage of the

parties; and (2) the imposition of a constructive trust upon said premises. The parties' marriage was dissolved by judgment of divorce dated February 9, 1977. The former marital premises were purchased in 1965. Plaintiff contends, *inter alia,* that defendant led her to believe that title to the premises would be taken jointly, but that in fact defendant took title in his own name. Moreover, plaintiff further contends that her name was removed from the title deed at the closing in 1965 without her knowledge or consent.

By motion papers dated October 7, 1982, plaintiff moved to consolidate the instant action with a pending motion made by the defendant to modify the 1977 divorce decree. Defendant cross-moved to dismiss the action as barred by, *inter alia,* collateral estoppel, res judicata and the Statute of Limitations. Special Term denied the cross motion to dismiss based upon res judicata and collateral estoppel, noting "[i]n the case at bar, the divorce action did not litigate the issue of title to the marital home, but dealt only with the issue of possession. Accordingly, the plaintiff's action is not barred and should be adjudicated in a separate and plenary action". With respect to the Statute of Limitations, and the second cause of action to impress a constructive trust, Special Term reasoned that said cause of action accrues when there has been a repudiation of the trust, but noted that the moving papers were silent "as to the dates of demands by the plaintiff for the execution of the trust or the dates of refusals by the defendant in response to such demands". Defendant's cross motion to dismiss was, therefore, denied in its entirety.

In *Marinelli v Marinelli* (88 AD2d 635, 636), this court held that a separate action to determine questions of title which could have been, but were not, raised in a prior matrimonial action, would be barred. In affirming Special Term's order dismissing the plaintiff wife's separate suit as barred by res judicata, this court in *Marinelli* agreed with Special Term's conclusion that the matrimonial action " 'was the appropriate forum within which to properly adjudicate the marital property and financial matters of the type being raised herein, and the parties had the right to expect that any such matters not there considered were not going to be litigated' ". The record herein discloses that the instant suit was commenced in order to determine questions of title, questions that could have been, but were not, raised in the prior matrimonial action involving the Boronows. Accordingly, *Marinelli* mandates dismissal of the action (*see also, Rakowski v Rakowski,* 109 AD2d 1).

Moreover, even assuming, arguendo, that this lawsuit could be properly maintained, plaintiff would not be entitled to relief

on either cause of action alleged in her complaint. Plaintiff's first cause of action, seeking a declaratory judgment to the effect that Puerto Rican law must govern the question of title to the marital property disputed, is untenable. Further, the second cause of action to impress a constructive trust upon the marital premises was commenced outside the applicable limitations period. With respect to the first cause of action, the undisputed facts disclose that although the parties were married in Puerto Rico, they never resided there; that their marital domicile was in New York; that the parties obtained a judgment of divorce in New York; and that the real property involved is in New York. The foregoing establishes that the only jurisdiction which maintains any contact whatsoever with the parties and the real property which is the subject of the dispute is New York. Puerto Rico maintains no interest in the application of its law and policies to this dispute (*cf. Matter of Crichton,* 20 NY2d 124).

With regard to the second cause of action to impress a constructive trust, it is well settled that the applicable six-year limitations period, CPLR 213 (1) commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered (*Kitchner v Kitchner,* 100 AD2d 954; *Motyl v Motyl,* 35 AD2d 1051). Since it is clear under the facts as alleged by plaintiff that the wrongful act giving rise to a duty of restitution occurred in 1965, when defendant took title in his name rather than both names, the cause of action for a constructive trust, brought in 1982, would, in any event, now be time barred. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.