■ EILEEN SORKIN, Appellant, v HARVEY SORKIN, Respondent. (Action No. 1.) EILEEN SORKIN, Appellant, v HARVEY SORKIN, Respondent. (Action No. 2.) — In two interrelated actions, *inter alia,* to recover for moneys expended on necessaries and to recover arrears under an order of temporary support, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 30, 1984, as dismissed her first cause of action in action No. 1 and dismissed the complaint in its entirety in action No. 2.

Order affirmed, insofar as appealed from, with costs.

In July of 1980, a judgment of divorce was obtained by the plaintiff dissolving the marriage between the parties by reason of the defendant husband's cruelty. Prior to the entry of the judgment of divorce, in August of 1979 an order was obtained in that action directing defendant to pay temporary alimony and support to plaintiff. In February of 1984, plaintiff instituted these two separate actions to obtain, *inter alia,* reimbursement for necessaries purchased in 1978 and 1979, and the recovery of arrears purportedly due and owing under the 1979 order of temporary support.

With respect to the claim for necessaries, we see no reason why the issues raised in action No. 1 could not have been raised years earlier in the matrimonial action. That was the appropriate forum in which to raise and adjudicate the question of necessaries expended in 1978 and 1979. The parties had the right, moreover, to expect that any such claims not there considered were not to be litigated. Plaintiff's commencement of action No. 1, outside the framework of the matrimonial action, severely impairs this right and cannot be sanctioned (*Marinelli v Marinelli,* 88 AD2d 635, 636; *Rakowski v Rakowski,* 109 AD2d 1). Moreover, the entry of the judgment of divorce in plaintiff's favor in July of 1980 terminated the matrimonial action, and

thereupon any right that plaintiff had to enforce the temporary order of support was lost (*Weaver v Weaver*, 72 AD2d 221, 223). We have reviewed plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.