■ HERBERT KANAREK et al., Appellants, v GADLEX ASSOCIATES et al., Respondents.—In an action, *inter alia,* for a declaratory judgment, dissolution of a limited partnership, and an accounting, plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered September 28, 1984 which, after a nonjury trial, among other things, dismissed their complaint, granted defendant Gadlex Associates' counterclaims against plaintiffs for certain capital contributions, and declared that defendant Greenspan & Jaffe were entitled to possession of the premises occupied by plaintiff Herbert Kanarek.

Judgment affirmed, with costs.

Contrary to plaintiffs' contentions on this appeal, based upon our review of the record, we agree with the trial court that defendant Dennis Katz properly assigned his interest in defendant Gadlex Associates, a limited partnership, to two of the limited partners without the prior consent of the remaining partners while continuing to serve and perform the functions of his position as the sole general partner. Further, there is no requirement under Gadlex Associates' certificate of limited partnership or under the New York Partnership Law that a general partner must first offer his interest in the limited partnership to all the partners before he may assign it to a particular partner.

A general partner in a limited partnership has all of the rights and powers and is "subject to all the restrictions and liabilities of a partner in a partnership without limited partners", with limited exceptions not relevant to this case (Partnership Law, § 98 [1]). His interest as a general partner in the limited partnership is personalty and freely assignable. Moreover, such assignment can be made without the consent of the other partners "but the assignee is entitled only to receive the profits of the assigning partner" *(Rapoport v 55 Perry Co.,* 50 AD2d 54, 57). As stated by the trial court, the "assignment does not of itself dissolve the partnership nor result in the assignee becoming a substituted general partner" (Partnership Law § 53).

We find no evidence in the record to support plaintiffs' contention that defendant Dennis Katz retired or resigned as sole general partner warranting a dissolution of the partnership. Nor is there any merit to their assertion that the sole general partner breached his fiduciary duty when he entered into a second prime lease on behalf of the partnership with defendant Greenspan & Jaffe concerning the partnership's real property.

Finally, we agree with the trial court's determination awarding possession of the subject real property occupied by plaintiff Herbert Kanarek to defendant Greenspan & Jaffe, the prime tenant, and granting judgment in favor of defendant Gadlex Associates on its counterclaims for capital contributions against each of the plaintiffs. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.