FRANCIS L. FAVA, Appellant, v LEONARD D. KAUFMAN et al., Respondents.

Third Department, January 29, 1987

APPEARANCES OF COUNSEL

*Reaves & Yates (James A. Reaves* of counsel), and *Antokol & Coffin* for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey (James T. Potter* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J.

The salient facts alleged in plaintiff's complaint are as follows. As part of an oral partnership or joint venture, plaintiff and defendant Leonard D. Kaufman (Kaufman) agreed to purchase jointly a parcel of real property in Montgomery County, using partnership or joint venture funds, and the purchase of the property took place in October 1975. Without plaintiff's knowledge and consent, however, Kaufman caused title to the property to be conveyed in his name and that of his wife, defendant Catherine A. Kaufman, with the intent to defraud plaintiff. Thereafter, defendants concealed their record ownership, in order to obtain plaintiff's contributions to the purchase price and improvements to the property, until April 1979, when they physically excluded him from the property. In a verified bill of particulars and his affidavit in opposition to defendants' motion to dismiss, plaintiff expanded on the allegations of the complaint by averring that it was agreed between him and Kaufman that, to facilitate the purchase, title and the mortgage to finance the purchase would be in Kaufman's name; that Kaufman duped plaintiff into not attending the closing on the property in order to prevent plaintiff from discovering the fact that the property was conveyed to defendants as tenants by the entirety; that this was first revealed to plaintiff in September 1978; and that thereafter, until he was removed from the property the succeeding April, Kaufman repeatedly assured plaintiff that a

deed or contract accurately reflecting his undivided one-half interest in the property would be executed.

The complaint sought the following relief: (1) the imposition of a constructive trust on an undivided one-half interest in the property; (2) compensatory and punitive damages for Kaufman's breach of his fiduciary duty to plaintiff "with respect to the purchase of the Montgomery County Property", which was breached by Kaufman's "causing title * * * to be taken in his own name and the name of his wife"; (3) an accounting with respect to partnership or joint venture funds used in acquiring or improving the property; (4) compensatory and punitive damages for fraud; and (5) restitution for plaintiff's share of joint funds expended in connection with the property and for the value of his labor in making physical improvements thereto. The action was commenced by service of a summons with notice on March 30, 1985.

In our view, Special Term correctly dismissed the complaint on the ground that all five of plaintiff's causes of action were barred by the Statute of Limitations. At best, the six-year period of limitations contained in CPLR 213 (1) applied to plaintiff's equitable causes of action for a constructive trust, an accounting, breach of fiduciary relationship and restitution (see, Boronow v Boronow, 111 AD2d 735, 737; Kitchner v Kitchner, 100 AD2d 954; Guild v Hopkins, 271 App Div 234, 244, affd 297 NY 477; Siegel, NY Prac § 36, at 38). Regarding plaintiff's claim for damages for fraud, the period of limitations would be six years from the commission of the fraud or two years from its discovery (CPLR 213 [1], [8]; 203 [f]; Quadrozzi Concrete Corp. v Mastroianni, 56 AD2d 353, appeal dismissed 42 NY2d 824). Since plaintiff concededly became aware of all of defendants' alleged wrongful acts not later than 1979, the date of discovery of the fraud does not aid him in extending the period of limitations.

It follows from the foregoing that if plaintiff's causes of action accrued more than six years before he commenced this action on March 30, 1985, his claims are barred. A cause of action accrues upon the violation of a legal right (Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, 216, mot to amend remittitur granted 12 NY2d 1073). Although plaintiff now contends that the incident out of which his rights were impaired was his expulsion from the property in late April 1979 it appears clear to us that the operative event was the allegedly fraudulent taking of title to the property in the joint names of Kaufman and his wife. The complaint repeatedly

alleges that the taking of title in violation of plaintiff's and Kaufman's agreement was the wrongful act out of which all of plaintiff's injuries arose. All of plaintiff's causes of action sound in or arise out of fraud, and a cause of action must be commenced within six years of the commission of the fraud unless the discovery exception extends the period *(Quadrozzi Concrete Corp. v Mastroianni, supra,* p 356; *Guild v Hopkins, supra,* p 244).

In actions to impose a constructive trust, the same rule has been applied to start the running of the period of limitations from the time title to the property was taken inconsistently with the parties' prior agreement *(Scheuer v Scheuer,* 308 NY 447, 450). This is precisely the same rationale upon which plaintiff seeks a constructive trust in the instant case. The taking of title by Kaufman and his wife as tenants by the entirety irrevocably damaged plaintiff's right by creating vested survivorship and possessory interests in the property, rendering it beyond Kaufman's sole power to comply with the alleged partnership or joint venture agreement *(see,* 24 NY Jur 2d, Cotenancy and Partition, § 37, at 292-293). The alleged assurances of Kaufman to plaintiff after the event that he would rectify the title in conformity with their prior agreement did not serve to extend or otherwise toll the period of limitations *(see, Scheuer v Scheuer, supra,* pp 451-453). We note also that nowhere in the complaint or in the papers submitted on the motion does plaintiff aver that he made contributions of money or labor in connection with the property on or after March 30, 1979, that is, within six years of the date of commencement of the action.

For the foregoing reasons, the order of dismissal should be affirmed.

Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Order affirmed, with costs.