■ ROBERT J. HARRISON, Respondent, v NORA M. HARRISON, Appellant.—In an action by the plaintiff against his ex-wife to recover damages for her alleged withdrawal of certain moneys from the parties' joint bank accounts, the defendant appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 5, 1986, which awarded the plaintiff the sum of $15,587.64 together with interest from the date each account was closed by the defendant.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

Pursuant to a judgment dated January 29, 1981, the Supreme Court, Queens County (Lonschein, J.), awarded the wife a divorce on the ground of abandonment, directed the husband to pay the sum of $50 per week alimony commencing December 8, 1980, and authorized the wife to resume the use of her maiden name. At the trial of that action, the wife withdrew her cause of action seeking a divorce on the ground

of cruel and inhuman treatment and the husband withdrew his answer and counterclaim for divorce on that same ground, which included an allegation that the wife had converted to her own name the joint bank accounts of the parties amounting to a sum in excess of $30,000. In its memorandum decision dated December 8, 1980, the court alluded to the wife's withdrawals from the joint bank accounts as follows: "For the purposes of this trial, I believe it is immaterial whether it was done with or without consent since I am convinced that the plaintiff wife is at least telling the truth in her testimony that the money was used for the advancement of the family".

It is well settled in this Department that the dismissal of an action on the ground of res judicata is warranted where it concerns an issue of title which could have been, but was not, litigated in the prior matrimonial action between the parties *(see, Scattoreggio v Scattoreggio,* 115 AD2d 531; *Sorkin v Sorkin,* 111 AD2d 845; *Boronow v Boronow,* 111 AD2d 735, *appeal dismissed* 69 NY2d 707; *Rakowski v Rakowski,* 109 AD2d 1; *Marinelli v Marinelli,* 88 AD2d 635, 636; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:2, at 77). "[T]he language of Domestic Relations Law § 234 does not allow litigants to endlessly commence separate actions to adjudicate issues of title which could have been, but were not, raised in a prior matrimonial action" *(Rakowski v Rakowski, supra,* at 6).

Inasmuch as the matrimonial action was the appropriate forum within which to properly adjudicate the marital property and financial issues that are raised herein, the parties had the right to expect that any matters of that sort not considered in the matrimonial action would not be litigated elsewhere. The husband's subsequent commencement of this separate plenary action cannot be sanctioned *(Marinelli v Marinelli, supra,* at 636). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.