■ ALICE WHALEN, Respondent, v JULIUS GERZOF et al., Appellants, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court (Conway, J.), entered July 11, 1988 in Albany County, which denied motions by various defendants for summary judgment dismissing the complaint.

In 1969, Louis Albini, Sr. (plaintiff's father) sold three

apartment buildings which he had built in the City of Glen Cove, Nassau County, known as the Pearcove Apartments, to Solork Corporation. Albini took back a $1,150,000 second mortgage dated February 26, 1970 as part payment. The purchaser then transferred the property to Solork Associates, a limited partnership in which George Soll, Saul Kronovet and defendant Jerome Z. Lorber were principals. Defendant Julius Gerzof represented Albini and his corporation Mallad Construction Corporation in litigation subsequently commenced by the purchaser. On March 9, 1973, Albini assigned a 30% paramount interest in the second mortgage to Gerzof as payment of his legal fees and expenses.* On November 27, 1974, the New York County Sheriff levied upon Albini's remaining 70% interest in the mortgage under a judgment in favor of National Bank of North America and sold the interest to that bank. In 1974, Gerzof instituted an action to foreclose his 30% interest in the second mortgage. East River Savings Bank also commenced foreclosure of its delinquent first mortgage on the property. Following negotiations, defendant Pearcove Associates (hereinafter Pearcove), a limited partnership, was formed on June 18, 1975 in which Kronovet, Lorber, Soll and Gerzof were general partners. They reached an agreement with East River Savings Bank to reinstate and modify the first mortgage. Solork Associates then conveyed the property to Pearcove, Gerzof assigned his 30% interest in the second mortgage to Pearcove, and Pearcove acquired an assignment from National Bank of North America of the 70% interest in the second mortgage formerly owned by Albini. Both mortgage foreclosure actions were discontinued and general releases were exchanged between Mallad Construction Corporation, Albini, Louise Damon (Albini's other daughter), Gerzof, Solork Corporation, Solork Associates, Lorber, Soll and Kronovet. Pearcove agreed to employ Albini as resident manager of the Pearcove Apartments and to rent him an apartment for $200 a month. In addition to the transfer of his interest in the second mortgage, Gerzof contributed $30,000 as additional partnership capital in 1976 which increased his interest in the Pearcove partnership from 25% to 50%.

Meanwhile, in November 1975, the following letters, which form the basis of this action, were exchanged between Gerzof and plaintiff:

---

* Albini had previously made assignments of the second mortgage to his daughter Louise Damon. In each instance, she reassigned the mortgage to Albini.

"November 21, 1975

"Mrs. Alice Whelan *[sic]*
762 Madison Avenue
Apt. 2A
Albany, New York

"Dear Mrs. Whelan *[sic]*:

"This will acknowledge that you have a fifty (50%) percent interest in the fifty (50%) percent interest which I hold in the Pearcove Apartments, Glen Cove, New York, consisting of three buildings, with 148 apartments.

"You are familiar with the Limited Partnership Agreement which owns the said apartment houses, and have been furnished with a copy of same.

"Very truly yours,

"JULIUS M. GERZOF

"JMG/mjm".

"November 26th, 1975

"Dear Mr. Gerzof:

"This will acknowledge that I have received an acknowledgement from you that I have a fifty percent interest in your fifty percent interest which you hold [in] the Pearcove Apartments in Glen Cove, New York, and which apartment houses are owned by a limited partnership.

"I hereby acknowledge that you are first to receive Thirty Thousand ($30,000.00) Dollars plus bank interest on the money you have invested in this venture in the original formation of the limited partnerhsip, which acquired title to the said property. This said $30,000.00 is to be paid to you either from the first income or from the first principal received in the event of a sale, and the balance, less the hereinafter sum is to be divided between us.

"In addition to the foregoing, you are to receive Twenty Thousand ($20,000.00) Dollars for expenses and disbursements incurred in relation to this matter, which

$20,000.00 is my obligation to you and is to be received from my share of the income or principal payments, whichever shall first occur.

"Very truly yours,
"[Alice Whalen]

"Alice Whelan *[sic]*
762 Madison Avenue
Apt. 2A
Albany, New York".

Albini died in 1977. The partnership certificate for Pearcove was amended December 30, 1980 to reconstitute the partnership following the death of Soll and withdrawal of Kronovet, the substitution of defendant Richard E. Gerzof as general partner in place of Gerzof, his father, and the admission of new limited partners. Plaintiff commenced this action in July 1983, asserting 13 causes of action seeking, *inter alia,* to enforce her rights to 50% of Gerzof's partnership interest; to establish and enforce her rights as a 25% partner in Pearcove; for an accounting; imposition of a constructive trust; damages for fraud; and for punitive damages. In December 1984, Supreme Court denied a motion by Lorber and Pearcove for summary judgment dismissing the complaint against them. In 1988, following extensive discovery, Supreme Court denied a similar motion by Gerzof and a separate motion by Lorber and Pearcove. This appeal from the 1988 decision by Gerzof, Lorber and Pearcove followed.

Initially, we find that plaintiff has failed to demonstrate by evidence in the record either that Albini, or she as his nominee, were ever partners in Pearcove. Her bare allegations that he was one of the original partners are unsupported by any documentary proof and thus are insufficient to raise triable issues with respect to that fact. Simply put, the record is devoid of anything other than plaintiff's statements to support the contention that Albini was a partner in Pearcove. Lorber and Pearcove sufficiently established these facts to entitle them to judgment in their favor *(see,* CPLR 3212 [b]). The burden then shifted to plaintiff to demonstrate, by evidence in admissible form, triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Cusano v General Elec. Co.,* 111 AD2d 557, *affd* 66 NY2d 844). The record shows that Albini's name does not appear in the partnership agreement. There is no proof Albini contributed money, property or service to Pearcove in return for which he could claim a partnership interest. The 70% interest in the second mortgage was lost when sold by the New York County Sheriff at an execution sale. There was no right of redemption which Albini is alleged to have foregone. His execution and exchange of

general releases with the partners in Solork Associates and Pearcove, standing alone, is not proof of any interest he might claim. In sum, nothing has been offered to show that Albini had or was promised an interest in Pearcove. Neither plaintiff's unsubstantiated allegations *(see, Zuckerman v City of New York, supra; Denton Publs. v Lilledahl,* 112 AD2d 658) nor her surmise, suspicion and conjecture *(see, Shaw v Time-Life Records,* 38 NY2d 201, 207; *Peppermill Realty v Vahab,* 152 AD2d 554) is sufficient to defeat Lorber and Pearcove's motion.

Moreover, the assignment by Gerzof to plaintiff, even if found valid, did not entitle her to participate in the Pearcove partnership because it merely gave her the right to receive the profits, as limited by the assignment, to which Gerzof would otherwise have been entitled *(see,* Partnership Law § 53 [1]; *Kanarek v Gadlex Assocs.,* 115 AD2d 592, *lv denied* 67 NY2d 602; *see also, Rapoport v 55 Perry Co.,* 50 AD2d 54, 57). Thus, absent the partners' written consent as required by the Pearcove partnership agreement, no partnership interest was acquired by plaintiff *(see,* Partnership Law § 40 [7]; *Tamir v Lamb,* 75 AD2d 810, *affd* 53 NY2d 978). The motion to dismiss by Lorber and Pearcove should therefore have been granted.

We next consider Gerzof's contention that all of the causes of action are time barred. Plaintiff's relationship with Gerzof, vis-à-vis an interest in the Pearcove partnership, is predicated solely upon the letters exchanged in November 1975. The letters, however, do not suggest the need of a demand by any party to trigger rights or obligations. Plaintiff's causes of action based upon breach of contract, fraud and misrepresentation, breach of fiduciary duty, constructive trusts and related claims accrued at that time. Concededly, there was a total lack of contact between plaintiff and Gerzof which was contrary to all indicia of a valid or viable partnership relationship between them. Plaintiff was not included in partnership tax returns of Pearcove, nor did she report partnership information on her income tax returns. A reasonable person believing that he or she held any ownership interest in the Pearcove partnership should have made diligent inquiries during 1976, if for no reason other than to obtain information for income tax purposes for the tax year 1975. Yet plaintiff did nothing until May 1981, when she learned of the proposed conversion of the Pearcove Apartments to cooperative ownership. This action was not commenced until July 23, 1983.

Causes of action based upon breach of contract are limited by a six-year statute (CPLR 213 [2]; *Grant v DCA Foods Indus.,* 124 AD2d 909, *lv denied* 69 NY2d 612), as are equitable causes of action to impress a constructive trust (CPLR 213 [1]; *Mattera v Mattera,* 125 AD2d 555; *Boronow v Boronow,*

111 AD2d 735) and actions based on fraud (CPLR 213 [8]; *Fava v Kaufman,* 124 AD2d 42). The remaining causes of action (other than contract or fraud), i.e., accounting, breach of fiduciary relationship and restitution, are limited to the six-year statute (CPLR 213 [1]; *see, Fava v Kaufman, supra).* Any diligent or even reasonable inquiry by plaintiff would have or should have clarified plaintiff's position. Plaintiff did not assert any interest, show any activity or make any inquiries in connection with the Pearcove Apartments or the Pearcove partnership in which she claims a 25% interest until mid-1981. There is nothing in the record to support a contention that the limitations of time were or should have tolled. The causes of action being time barred, we need not reach the remaining contentions.

Order reversed, on the law, without costs, motions for summary judgment granted and complaint dismissed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.