(March 26, 1990)

■ PEARL A. ALSTER, Appellant, v WILLIAM ALSTER, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered February 24, 1984, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Colby, J.), entered December 14, 1988, as upon reargument of her motion, *inter alia,* to restore the action to the calendar for the purpose of a determination with respect to the ancillary issue of alimony, adhered to its prior determination in an order of the same court, dated September 21, 1988, denying the motion.

Ordered that the order entered December 14, 1988 is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, so much of the order dated September 21, 1988 as denied the plaintiff's motion, *inter alia,* to restore the action to the calendar for a determination with respect to the issue of alimony is vacated, that motion is granted to the extent that the action is restored to the calendar for the purpose of a determination with respect to the ancillary issue of alimony, and any related issues, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The record reveals that the plaintiff commenced this action for divorce and ancillary relief in 1976. In 1983, the defendant husband moved for reverse summary judgment awarding the plaintiff a divorce based upon his own default in answering. In his affidavit in support of the motion, the defendant sought "a judgment granting a final divorce herein *and severing all other issues for determination at a later date"* (emphasis supplied). A judgment of divorce was entered on February 24, 1984, providing, *inter alia,* that the court "retains jurisdiction of this matter * * * for the purpose of determining all ancillary issues including but not limited to maintenance [i.e., alimony], child support and custody". Although he had successfully obtained a divorce judgment, the defendant apparently continued to make payments to the plaintiff pursuant to

an order of support issued by the Family Court, Suffolk County. However, approximately 3½ years after entry of the judgment of divorce, the defendant obtained an order from the Family Court vacating and terminating its prior order of support on the ground that a final judgment of divorce had been entered.

Thereafter, the plaintiff moved, *inter alia,* to restore her action to the calendar "for the purpose of determining maintenance [i.e., alimony] for the plaintiff" pursuant to the language of the divorce judgment.

The Supreme Court denied the plaintiff's motion, reasoning that she previously had a full and fair opportunity to litigate the issue of her alimony when the defendant moved for reverse summary judgment and therefore was barred by the doctrine of res judicata from subsequently seeking such relief. The plaintiff moved for reargument, but, upon reargument, the Supreme Court adhered to its prior determination. We now reverse insofar as appealed from and grant her motion to the extent of directing that the matter be restored to the calendar for a determination of the alimony issue.

As noted by the Court of Appeals: "[i]n general, a final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated" *(Rainbow v Swisher,* 72 NY2d 106, 110). Accordingly, where a determination has been made in a matrimonial action with respect to issues of property or financial assets, the courts have invoked the doctrine of res judicata to bar subsequent litigation between the parties concerning related questions which could have been decided in the original action *(see, e.g., Boronow v Boronow,* 71 NY2d 284; *Sorkin v Sorkin,* 111 AD2d 845; *Rakowski v Rakowski,* 109 AD2d 1; *Marinelli v Marinelli,* 88 AD2d 635). However, while the doctrine of res judicata precludes such piecemeal litigation where "[t]here is no reason why the issues raised in the [subsequent] action could not have been raised * * * in [the prior] action" *(Marinelli v Marinelli, supra,* at 636), we find that it is inapplicable to the circumstances presented in the instant case.

The plaintiff did not receive a full and fair opportunity to litigate the issue of alimony when the defendant moved for reverse summary judgment. The very papers submitted by the defendant in support of the motion precluded such consideration by limiting the question before the court solely to

whether the plaintiff was entitled to a judgment of divorce based upon the defendant's default in answering and by requesting that the issue of alimony be severed for future consideration. Moreover, the resulting judgment authorized a future application by the plaintiff for a determination of the alimony question by providing that the Supreme Court retained jurisdiction over the matter for that very purpose. Hence, inasmuch as it cannot be said that the issue of alimony was decided, or could have been decided, when the court decided the defendant's motion for reverse summary judgment, the doctrine of res judicata has no application here *(see generally, Braunstein v Braunstein,* 114 AD2d 46, 53-54).

Moreover, the unusual factual circumstances of this case persuade us that the plaintiff should be permitted to pursue her belated application for a determination of the alimony question. It appears that her delay in seeking such relief was occasioned by a lack of legal advice as well as by the defendant's willingness to continue support payments pursuant to an order of the Family Court for more than 3½ years after he obtained entry of the judgment of divorce. Moreover, assuming the truth of her allegations for the purposes of this appeal, the plaintiff is unable to provide for her own support and has become a public charge as a result of the unanticipated cessation of support payments by the defendant. In view of the fact that the plaintiff's delay was at least in part the product of the defendant's own conduct, we conclude that the matter should be restored to the Supreme Court's calendar for a prompt determination of whether and to what extent she is entitled to an award of alimony pursuant to Domestic Relations Law § 236 (A).

While the plaintiff has failed on this appeal to pursue that branch of her application which sought an award of temporary alimony and counsel fees, the question of her entitlement to such relief should also be addressed by the Supreme Court. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.