■ In the Matter of the Estate of ANN K. WINNE, Deceased. LYNNDA J. HERMAN, as Administrator of the Estate of FRANK L. KUKAN, JR., Deceased, Respondent; JOAN GRISHKOT et al., as Executors of ANN K. WINNE, Deceased, Appellants. [649 NYS2d 210] —Peters, J. Appeal from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered October 20, 1995, which, inter alia, denied respondents' motion to dismiss the petition as time barred.

Frank L. Kukan, Jr., after suffering from a series of disabling strokes, was declared incompetent to manage his personal affairs in October 1975. His sisters, Ann K. Winne and Sylvia O'Leary, were appointed as his coconservators. Due to the proximity of Winne's home to Kukan, she acted as the sole conservator, frequently visiting him in the Veterans Administration Hospital from 1975 until the time of his death in 1985. Notwithstanding the terms of the order requiring the coconservators to file an annual inventory or account with the Schenectady County Clerk detailing "the real and personal property income and profits received and all expenditures made in [sic] behalf of the aforesaid Conservatee", no such filing occurred during the decade between the conservator's appointment and Kukan's death. By order dated February 4, 1986, an application to change conservators was denied because Kukan was deceased. That order, however, directed the conservators to conduct a final accounting within 30 days. Notwithstanding the terms of such order, it was not until January 1988 that Winne sought an order settling her account as Kukan's conser-

vator. A copy of that petition was served on petitioner, Kukan's sole surviving heir,[1] on March 16, 1988.

Petitioner claims that it was not until she was personally served with Winne's motion to approve the final accounting that she became aware of various financial transactions which indicated a breach of fiduciary duties. Petitioner then contacted her estate attorney, George Mills, and upon representations made by Mills believed that such claim was being pursued on her behalf.

Upon discovering in February 1994, after Winne's death, that Mills never filed such claim, petitioner hired new counsel who, on March 2, 1994, filed such claim against Winne's estate, objecting to the still-pending proposed final accounting.[2] Respondents, the executors of Winne's estate, moved for a dismissal, alleging that it was barred either by the Statute of Limitations or laches.[3] By order entered October 20, 1995 Surrogate's Court denied respondent's motion, prompting this appeal.[4]

When this matter was before Surrogate's Court, it was agreed that the six-year limitations period established by CPLR 213 was applicable. The only issue was the exact date that the limitations period should be deemed to have commenced. While respondents contended that such period began on May 8, 1985, the date of Kukan's death, petitioner contended that such period began on March 16, 1988, the date that she was personally served with Winne's proposed final accounting. Petitioner's effort to now challenge the complaint as alleging a conversion, thus triggering the three-year Statute of Limitations period found in CPLR 214, instead of a breach of a fiduciary relationship, is not properly before us (see, Gunzburg v Gunzburg, 152 AD2d 537, 538).

We have consistently applied a six-year limitations period for the breach of a fiduciary relationship (see, Whalen v Gerzof, 154 AD2d 843, 847-848, mod 76 NY2d 914; Fava v Kaufman, 124 AD2d 42, 44) and agree with Surrogate's Court that a claim

1. Kukan died intestate in 1985. Plaintiff, as the sole surviving heir, was issued letters of administration by Surrogate's Court in May 1987.

2. Such claim was thereafter amended in June 1994 alleging a breach of fiduciary duties by Winne, now spanning from 1975 to 1987.

3. Petitioner then moved, pursuant to SCPA 1804, seeking the retention of $250,000 from Winne's estate for a six-month period because of petitioner's amended claims seeking $124,382.50. Such request was denied by Surrogate's Court.

4. The decision of Surrogate's Court incorrectly denotes March 16, 1994 as the date of personal service upon petitioner when it should read March 16, 1988.

will not be deemed to accrue until there is either an open repudiation of the fiduciary obligation or a judicial settlement of the conservator's account (see, Matter of Seaman, 146 Misc 2d 563, 565).

Here, Winne's role as conservator was neither terminated by judicial settlement of the account (see, Mental Hygiene Law former § 77.32) nor had she openly repudiated her fiduciary obligations. As no evidence has been presented which adequately refutes petitioner's claim that such document was the first instance whereby specific expenditures made on behalf of Kukan were detailed, we agree with Surrogate's Court that the claim accrued on March 16, 1988 when petitioner acknowledged service of Winne's motion to approve her final account as conservator.

We similarly reject any claim by respondents that the action is barred by the doctrine of laches. Without even addressing the reasonableness of petitioner's contention that the delay was caused, in part, by her reliance upon former counsel (see generally, Weiss v Mayflower Doughnut Corp., 1 NY2d 310), we find that whatever prejudice may now be associated with the delay was predominantly caused by Winne's consistent failure to abide by court orders.

Having reviewed all other issues and rejecting those not properly preserved for review, we affirm the order of Surrogate's Court.

Cardona, P. J., Mercure and Crew III, JJ., concur; White, J., not taking part. Ordered that the order is affirmed, with costs.