■ ELENA McMAHAN, Appellant, v BRUCE McMAHAN, Respondent. [15 NYS3d 190]—

In an action, inter alia, for specific performance of a so-ordered stipulation of settlement dated November 30, 2011, and to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated December 9, 2013, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The parties' divorce judgment, which was entered July 20, 2009, provided that they would have joint legal and physical custody of their two children. In November 2011, after certain events not relevant here, the parties entered into an open-court stipulation (hereinafter the November 2011 stipulation) modifying the custody provisions. In the November 2011 stipulation, the plaintiff agreed that the defendant would have legal and physical custody of the children, consented to his relocating with them to Florida, and agreed that she would have limited supervised visitation that would increase over time pursuant to an agreed-upon schedule.

The plaintiff commenced this action for specific performance of the November 2011 stipulation and to recover damages for breach of contract and breach of the covenant of fair dealing.

The defendant moved, among other things, to dismiss the complaint pursuant to CPLR 3211 (a).

In support of his motion to dismiss, the defendant submitted and relied upon the November 2011 stipulation, which was appended to the complaint. "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Pinnacle Realty of N.Y., LLC v 255 Butler, LLC*, 125 AD3d 952 [2015]). A motion to dismiss under CPLR 3211 (a) (7) may be granted when exhibits attached to the complaint "conclusively establish[ ] that 'a material fact as claimed by the pleader to be one is not a fact at all' and that 'no significant dispute exists regarding it' " (*Laxer v Edelman*, 75 AD3d 584, 585-586 [2010], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Moreover, a court may grant a motion to dismiss a complaint under CPLR 3211 (a) (1) when documentary evidence utterly refutes the plaintiff's allegations, conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]). The terms of an unambiguous contract that "indisputably undermines" the causes of action may constitute such documentary evidence (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]).

Here, the plaintiff sought damages for the defendant's alleged breach of the November 2011 stipulation. She also sought increased unsupervised visitation in New York which, she alleged, was provided for in the November 2011 stipulation. The unambiguous terms of that stipulation conclusively established that it did not contain the terms that the plaintiff alleged that the defendant had breached or on which she sought specific performance. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) (*see Laxer v Edelman*, 75 AD3d at 585-586).

The Supreme Court erred, however, in concluding that the complaint should be dismissed on the ground of res judicata

pursuant to CPLR 3211 (a) (5). Specifically, the defendant failed to establish that the jurisdictional issue had been fully and fairly litigated (*see generally Alster v Alster*, 159 AD2d 671, 672-673 [1990]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.