Moore v Baumgardner (2020 NY Slip Op 01544)





Moore v Baumgardner


2020 NY Slip Op 01544


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

528736

[*1]Adam Moore et al., Appellants,
v
Marie Ely Baumgardner et al., Respondents.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellants.
Levene Gouldin & Thompson, LLP, Vestal (Margaret J. Fowler of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Surrogate's Court of Schuyler County (Morris, S.), entered January 3, 2019, which, upon removal of the action from Supreme Court, partially granted a motion by defendants Marie Ely Baumgardner and David W. Ely to dismiss the complaint.
Plaintiffs are the grandchildren and residuary beneficiaries [FN1] of Lena Ely (hereinafter decedent), who died in 2012. Defendant Marie Ely Baumgardner and defendant David W. Ely (hereinafter collectively referred to as defendants)[FN2] are two of decedent's children. Decedent resided with Baumgardner from 2007 until her death. In 2009, decedent transferred her real property to defendants. However, decedent wrote a letter, dated July 27, 2010, stating that she did not intend to transfer all of her real property to defendants. In October 2010, decedent executed a last will and testament, naming defendants as her coexecutors. In February 2013, defendants filed a small estate proceeding in Surrogate's Court.[FN3] Plaintiffs then commenced this action on July 8, 2016, claiming that the transfer of the property to defendants was fraudulent and seeking to impose a constructive trust on said property and an accounting of decedent's personal property. Defendants moved to dismiss the complaint claiming that it fails to state a cause of action, plaintiffs lack standing and the fraudulent transfer cause of action is time-barred. Surrogate's Court granted the motion to the extent of dismissing the fraudulent transfer claim as time-barred. [FN4] Plaintiffs appeal, and we affirm.[FN5]
The gravamen of plaintiffs' second cause of action is that defendants, through fraud and undue influence, induced decedent to transfer more real property to them than she intended. As to this cause of action for fraud, the "period of limitations would be six years from the commission of the fraud or two years from its discovery" (Fava v Kaufman, 124 AD2d 42, 44 [1987]). The statute of limitations begins to run "from the time title to the property was taken inconsistently with the parties' prior agreement" (id. at 45). It is undisputed that decedent transferred her real property to defendants by deed dated June 22, 2009, and that decedent had knowledge of the allegedly unintended transfer as evidenced by her letter dated July 27, 2010. The discovery of the fraud does not aid plaintiffs here, as the statute of limitations expired on June 22, 2015, six years from the date the real property was transferred. Next, plaintiffs assert that the statute of limitations was tolled until July 27, 2010, the date of decedent's letter, claiming this constituted an open repudiation of the fiduciary relationship between decedent and defendants. We disagree. The contents of the letter reveal merely that decedent mistakenly transferred more property than she intended. It in no way repudiates the fiduciary relationship. More importantly, it must be the coexecutors who openly repudiate their fiduciary duties (see Matter of Barabash, 31 NY2d 76, 80 [1972]). Plaintiffs are, in effect, asking us to disregard when the underlying events occurred, and the fact that decedentcould have brought the same action prior to her death. This "would in effect be a second, renewed statute of limitations period for a wrong that was in the first instance perpetrated against [decedent, and] would fly in the face of the statutory scheme for claims brought on behalf of a decedent" as set forth in CPLR 210 (McGovern v Solomon, 466 F Supp 2d 554, 559-560 [SD NY 2006]). As such, we agree with Surrogate's Court that the claim regarding the transfer of the real property to defendants is time-barred.
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: There are seven grandchildren who constitute the residuary beneficiaries of decedent's estate.

Footnote 2: The remaining defendants are decedent's other four grandchildren.

Footnote 3: The estate proceeding is pending.

Footnote 4: Surrogate's Court did not discuss the equitable accounting cause of action. To the extent that defendants sought dismissal of such cause of action, the court's failure to discuss it amounts to a denial thereof (see Matter of Persaud v City of Schenectady, 167 AD3d 1126, 1127 [2018]). Furthermore, in the absence of a notice of appeal by defendants, their contention that this cause of action should have been dismissed is not properly before us.

Footnote 5: Defendants raised the threshold issue that plaintiffs lacked standing to bring this action. We have considered this claim and find that it lacks merit (see Castor v Pulaski, 117 AD3d 1552, 1553-1554 [2014]; Lewis v DiMaggio, 115 AD3d 1042, 1044 [2014]).