■ COVENTRY REAL ESTATE ADVISORS, L.L.C., et al., Appellants, v DEVELOPERS DIVERSIFIED REALTY CORPORATION et al., Respondents. [923 NYS2d 476]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 25, 2010 (the June 2010 order), which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiffs' fifth cause of action for breach of fiduciary duty, unanimously affirmed, with costs. Order, same court and Justice, entered December 9, 2010, which granted plaintiffs' motion for reargument of the June 2010 order and, upon reargument, adhered to its prior decision, unanimously affirmed, with costs.

Pursuant to a coinvestment agreement, the parties entered into a series of substantially similar limited liability company agreements (the LLC agreements). Each of the LLC agreements designated plaintiff Coventry Real Estate Fund II, L.L.C. (Coventry), as the sole managing member. The LLC agreements, in turn, provided for, but did not mandate, delegation of most day-to-day management to defendant Developers Diversified Realty Corporation (DDR).

Under Delaware law (which the parties agree applies here), absent a provision to the contrary in the governing LLC agreement, an LLC's "managers and controlling members owe the traditional fiduciary duties that directors and controlling shareholders in a corporation would (including the traditional duties of loyalty and care)" (*In re South Canaan Cellular Invs., LLC*, 2010 WL 3306907, *7, 2010 US Dist LEXIS 85420, *21-22 [ED Pa 2010] [applying Delaware law]; *see Kuroda v SPJS Holdings, L.L.C.*, 2010 WL 925853, *7 n 28, 2010 Del Ch LEXIS 57, *25-26 n 28 [Del Ch 2010]). Plaintiffs' contrary contentions notwithstanding, under Delaware law, fiduciary duties are imposed *"only* on managers and those designated as controlling members of an LLC," and not on nonmanaging minority members, such as DDR (*South Canaan*, 2010 WL 3306907, *7, 2010 US Dist LEXIS 85420, *22; *see Kuroda*, 2010 WL 925853, *7 n 28, 2010 Del Ch LEXIS 57, *25-26 n 28).

We reject plaintiffs' contention that, regardless of its designation under the LLC agreements, DDR was the LLCs' de facto

managing member by virtue of its control over LLC operations. Notwithstanding the extensive powers accorded to DDR under the management agreements, the LLC agreements do not mandate that the LLCs enter into any management agreements with DDR. Instead, the decision of whether to enter into those agreements is left up to each LLC's "Investment Committee," which is not controlled by DDR. Hence, the LLC agreement's "default setting" leaves principal management responsibility with the managing member, not DDR. Since DDR is not a majority or controlling member of the LLCs under the LLC agreements, it has no fiduciary duties thereunder (*see Kuroda*, 2010 WL 925853, *7, 2010 Del Ch LEXIS 57, *25).

Plaintiffs argue that the management agreements impose fiduciary duties on DDR, pointing to a provision contained in the managing and leasing agreement, entitled "Execution of Contracts," which provides that DDR, as property manager, "shall respect its fiduciary duty to Owner in the execution of such contracts or orders." It is doubtful whether a single, isolated reference to fiduciary duty amidst multiple contracts totaling hundreds of pages in length can be said to vest DDR with broad fiduciary duties, as asserted by plaintiffs. Nor are we persuaded that plaintiffs have alleged such a relationship of "special trust" as to give rise to fiduciary duties on the part of DDR (*Forsythe v ESC Fund Mgt. Co. [U.S.], Inc.*, 2007 WL 2982247, *10, 2007 Del Ch LEXIS 140, *33 [Del Ch 2007]). Even assuming that DDR was in fact a fiduciary under the management agreements, however, plaintiffs' fiduciary duty claim still would not lie.

In assessing whether a contractual claim will preclude a claim of breach of fiduciary duty, the question is "whether there exists an independent basis for the fiduciary duty claims apart from the contractual claims, even if both are related to the same or similar conduct" (*PT China LLC v PT Korea LLC*, 2010 WL 761145, *7, 2010 Del Ch LEXIS 38, *26 [Del Ch 2010]). Here, plaintiffs suggest that the LLC agreements constituted an independent source of fiduciary duties for DDR, thus rendering the fiduciary duty claim nonduplicative of the breach of contract claim under the development and managing agreements. As noted, however, the LLC agreements do not ascribe any fiduciary duties to DDR. Since plaintiffs do not posit any other independent source of fiduciary duty for DDR, any fiduciary duty claim arising under the management agreements must be dismissed as duplicative of plaintiffs' contractual claims for breach of those agreements.

Finally, plaintiffs contend that, in considering the motion to

dismiss, the motion court applied an insufficiently liberal standard of review to the complaint. This contention lacks merit. In considering the motion, the court correctly considered only the allegations of the complaint, as well as the plain meaning of the documents appended to the complaint itself (the LLC agreement and the management agreements) (*see Bello v Cablevision Sys. Corp.*, 185 AD2d 262, 263 [1992], *lv denied* 80 NY2d 761 [1992]).

The court also properly denied plaintiffs' motion for leave to replead. In this regard, plaintiffs point to the affidavit of Loren Henry, one of Coventry's vice-presidents (the Henry affidavit), submitted in support of their request for leave to replead. The Henry affidavit, however, merely provided additional details relating to the magnitude of DDR's alleged breaches; it provided no additional support for plaintiffs' fiduciary duty claim. In particular, the Henry affidavit identified no additional language in the LLC or management agreements to support plaintiffs' claim of a fiduciary duty owed by DDR. As such, plaintiffs did not establish any basis for granting their request for leave to replead (*see Sanford v Colgate Univ.*, 36 AD3d 1060, 1062 [2007]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.