Talking Capital LLC v Omanoff (2019 NY Slip Op 00963)





Talking Capital LLC v Omanoff


2019 NY Slip Op 00963


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Gische, Kapnick, Gesmer, Singh, JJ.


650973/17 8339 8338

[*1]Talking Capital LLC, etc., et al., Plaintiffs-Respondents,
v
Rodney Omanoff, et al., Defendants-Appellants, Christopher Lara, et al., Defendants.


McCarter & English, LLP, New York (Edward T. McDermott of counsel), for Rodney Omanoff, Omanoff America Telecom, LLC, Mark Proto, Mudmonth, LLC, Joseph Rahman, VoIP Guardian Partners I LLC and VoIP Guardian LLC, appellants.
Kasowitz Benson Torres LLP, New York (Christian Becker of counsel), for Brendan Ross, DLI TC, LLC, Direct Lending Investments, LLC, and Direct Lending Income Fund, L.P., appellants.
Bowels Liberman & Newman LLP, New York (David K. Bowles of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 29, 2018, which, to the extent appealed from, denied defendants DLI TC, LLC, Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., and Brendan Ross's (the DLI defendants) motion to dismiss the breach of the restrictive covenant in the Master Receivables Purchasing and Servicing Agreement (MRPS) and the aiding and abetting breach of fiduciary duty claims as against them, and denied defendants Rodney Omanoff, Omanoff America Telecom, LLC (OAT), Mark Proto, Mudmonth, LLC, Joseph Rahman, VoIP Guardian LLC, and VoIP Guardian Partners I, LLC's (the Omanoff defendants) motion to dismiss the derivative claims, the breach of fiduciary duty claim as against OAT and Mudmonth, the breach of fiduciary duty claim as against Omanoff, Proto and Rahman, the misappropriation claim, and all claims against VoIP Guardian Partners I, LLC and VoIP Guardian LLC, unanimously modified, on the law, to grant the motion as to the breach of fiduciary duty claims against defendants OAT and Mudmonth and all claims against VoIP Guardian Partners I, LLC and VoIP Guardian LLC, and otherwise affirmed, without costs.
While a Delaware limited liability company may include terms in its operating agreement that are at variance with those in the Delaware LLC Act (see Elf Atochem N. Am., Inc. v Jaffari, 727 A2d 286, 290 [Del 1999]), plaintiff Talking Capital LLC's (the Company) operating agreement does not provide for a waiver by the members of any right to bring a derivative action. In contrast to operating agreements that expressly vary the rights of members, the instant operating agreement, at most, would do so by implication (cf. LNYC Loft, LLC v Hudson Opportunity Fund I, LLC, 154 AD3d 109 [1st Dept 2017] [enforcing unambiguous operating agreement provision]).
Defendants OAT and Mudmonth, as mere members, not managers, of the Company, owe no fiduciary duty either to the Company or to its subsidiaries (see Coventry Real Estate Advisors, L.L.C. v Developers Diversified Realty Corp., 84 AD3d 583, 584 [1st Dept 2011]).
However, the fiduciary duty claims brought derivatively on behalf of the subsidiaries against the managers of the Company are viable. While the managers of a parent do not necessarily owe fiduciary duties to the subsidiaries by virtue of their office (see Anadarko Petroleum Corp. v Panhandle Eastern Corp., 545 A2d 1171, 1174 [Del 1988]), the role of the [*2]particular defendant managers here in the management of the subsidiaries gives rise to issues of fact as to whether they owed such duties.
The complaint sufficiently alleges that the Company could have taken advantage of the corporate opportunities allegedly misappropriated by the manager defendants (see Broz v Cellular Info. Sys., Inc., 673 A2d 148, 154 [Del 1996]).
The only claim asserted against defendants VoIP Guardian Partners I, LLC and VoIP Guardian LLC is a claim for "permanent injunction," which is a remedy for an underlying wrong, not a cause of action (see Reuben H. Donnelley Corp. v Mark I Mktg. Corp., 893 F Supp 285, 293 [SD NY 1995]).
The DLI defendants failed to show as a matter of law that the Company or its subsidiary breached the restrictive covenant in the MRPS. The purported contradiction between the original complaint and the amended complaint is not a basis for dismissal. Rather, the original allegations are simply informal judicial admissions, entitled to evidentiary weight but not dispositive (see Bogoni v Friedlander, 197 AD2d 281, 293 [1st Dept 1994], lv denied 84 NY2d 803 [1994]). Further, the documentary evidence consisting solely of the certificate of formation of a subsidiary of the Company is not evidence that the subsidiary was used to breach the covenant of good faith and fair dealing.
Given the DLI defendants' intimate relationship with the Company, the complaint sufficiently alleges that these defendants had reason to believe that they were aiding and abetting the manager defendants' breach of fiduciary duty in funding the new competing business (see Trenwick Am. Litig. Trust v Ernst & Young, L.L.P., 906 A2d 168, 215 [Del Ch 2006], affd 931 A2d 438 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK