■ WILLIAM ST. JOHN, Also Known as WILLIAM J. ST. JOHN, Appellant, v ELIZABETH ST. JOHN, Also Known as ELIZABETH A. ST. JOHN, Respondent. [607 NYS2d 732] —In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered November 16, 1990, which denied his motion, inter alia, for leave to enter a default judgment upon the defendant's default in answering, and dismissed his complaint, inter alia, on the ground that there was a matrimonial action pending between the parties for the same relief, and (2) from an order of the same court, entered March 28, 1991, which denied the plaintiff's motion for renewal.

Ordered that the orders are affirmed, without costs or disbursements.

We conclude that it was within the court's discretion to deny the plaintiff's motion for leave to enter a default judgment and to dismiss the plaintiff's complaint which sought, inter alia, to impose a constructive trust on the parties' former marital residence. Given the pendency of a matrimonial action in which the plaintiff has, in fact, asked the matrimonial court to determine what constitutes marital property, fragmentation of the litigation would be duplicative

and counterproductive *(see generally, Boronow v Boronow,* 71 NY2d 284; *Harrison v Harrison,* 134 AD2d 567, 568). Any claim the plaintiff has regarding his former marital residence may be adjudicated in the pending matrimonial action.

We have considered the plaintiff's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.