■ NORMAN RAIK, Appellant, v CLINDENT DEVELOPERS, L. L. C., et al., Respondents, et al., Defendants. (Action No. 1.) NORMAN RAIK, Appellant, v MINDY RAIK, Respondent. (Action No. 2.) [722 NYS2d 893] —In related actions, inter alia, for the dissolution of certain business entities (Action No. 1) and for a

divorce and ancillary relief (Action No. 2), the plaintiff appeals, as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Jonas, J.), dated June 23, 2000, which, among other things, granted that branch of the motion of all of the appearing defendants in Action No. 1 which was to dismiss the complaint in that action pursuant to CPLR 3211 (a) (4) on the ground that Action No. 2 was pending.

Ordered that the order is modified, as a matter of discretion, by deleting therefrom the provision dismissing the complaint in Action No. 1, and substituting therefor a provision dismissing the complaint in Action No. 1 as to the respondents, without prejudice to recommencement of Action No. 1 following the final determination of issues of equitable distribution in Action No. 2; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents in Action No. 1.

During the pendency of Action No. 2, an action for a divorce and ancillary relief, the plaintiff commenced Action No. 1, *inter alia*, to dissolve numerous business entities in which he allegedly has an interest along with his wife and/or members of her family. Contrary to the plaintiff's contentions, the Supreme Court properly determined that the resolution of the issues raised in Action No. 1 would be duplicative and counterproductive in light of Action No. 2, the divorce action. The plaintiff's claims with regard to his alleged interests in the Weinberger family businesses will be determined as part of the equitable distribution in Action No. 2 (*see, St. John v St. John*, 201 AD2d 552; *see also, Juron v Minzner*, 261 AD2d 586; *White Light Prods. v On the Scene Prods.*, 231 AD2d 90). To the extent that it may later be determined that any of the plaintiff's alleged business interests are beyond the reach of Action No. 2, as a matter of discretion in the interest of justice (*see,* CPLR 3211 [a] [4]), the dismissal of Action No. 1 is without prejudice to recommencement of that action after final resolution of the equitable distribution issues.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.