■ CHRISTOPHER HENRY, Respondent, v MARISA SOTO-HENRY, Appellant. [936 NYS2d 84]—

In October 2009, defendant was granted exclusive use and occupancy of the marital residence, where she continues to reside with the parties' two children. Shortly before a trial on equitable distribution was scheduled to take place, plaintiff transferred the marital residence, which he had purchased several years prior to the marriage, to his aunt, Hilma Gray, and a friend, Michael Pottinger (the purchasers), for $200,000. The purchasers then commenced proceedings in Civil Court seeking to evict defendant.

Defendant is a creditor to plaintiff as to equitable distribution of assets in a pending divorce even though the claim may be unmatured and unliquidated at the time of the conveyance (Debtor and Creditor Law § 270; *see Kasinski v Questel*, 99 AD2d 396 [1984], *appeal dismissed* 62 NY2d 977 [1984]; *Soldano v Soldano*, 66 AD2d 839 [1978]). Appreciation in the value of the separate property of one spouse due to the direct or indirect contributions of the other spouse would constitute marital property subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog*, 85 NY2d 36, 45-46 [1995]; *Price v Price*, 69 NY2d 8, 17-18 [1986]).

Defendant's allegations, if true, show that the sale of the apartment to purchasers was a fraudulent conveyance in that it was made with "actual intent . . . to hinder, delay, or defraud" her by defeating the award of exclusive possession and depriving her of her potential equitable share in the apartment (Debtor and Creditor Law § 276; *see also Spencer v Hylton-Spencer*, 273 AD2d 374, 374-375 [2000], *lv denied* 96 NY2d 708 [2001]). In support, defendant pointed to many badges of fraud, including the timing of the sale, shortly before a hearing on equitable distribution was to commence, and the transfer of the apartment to plaintiff's aunt and friend, who were aware that defendant occupied the apartment (*see Dempster v Overview Equities*, 4 AD3d 495 [2004], *lv denied* 3 NY3d 612 [2004]). Plaintiff's assertion that the sale was necessary to avoid foreclosure did not utterly refute these contentions.

Although defendant did not provide proof of inadequate consideration, at oral argument counsel for plaintiff and defendant both offered to produce an appraisal if given the opportunity to do so. Plaintiff's counsel also stated that the apartment sold at a lower price because "right now [it] qualifies as an occupied apartment." Further, Supreme Court had noted in a prior order dated September 17, 2010 that plaintiff was very evasive and

did not provide straightforward answers when questioned regarding foreclosure proceedings, the amount of arrears owed on the mortgage for the marital residence and his actions regarding his attempt to sell the marital residence.

Given these circumstances, a hearing is warranted to determine whether the sale of the marital residence was a fraudulent conveyance.

We note that the purchasers are necessary parties to the hearing because their interest in the premises would be affected by an order vacating the sale. We also note that counsel for the purchasers were heard at oral argument on defendant's motion and asked that the sale not be set aside because they were bona fide purchasers. They also moved before this Court on multiple occasions to lift the stay of eviction we granted. Consequently, we direct that the purchasers be added as parties on remand with respect to the determination of the fraudulent conveyance issue. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.

---

Motion to vacate stay of eviction pending resolution of the appeal denied.