■ SSA Holdings LLC, Appellant, v Howard Kaplan et al., Respondents. [992 NYS2d 405]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 15, 2013, which granted defendants' motion to dismiss the fraudulent concealment cause of action and to stay the declaratory judgment cause of action pending resolution of another action (the AKR action), unanimously affirmed, with costs.

The complaint failed to state a cause of action for fraudulent concealment, as defendants had no duty to disclose the alleged material information (*see e.g. Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 179 [2011]). Defendants—nonmanaging minority members of plaintiff, a Delaware limited liability company—owed no fiduciary duties to plaintiff or its manager, Stanley S. Arkin, a nonparty to this action (*see Coventry Real Estate Advisors, L.L.C. v Developers Diversified Realty Corp.*, 84 AD3d 583, 584 [1st Dept 2011]). Nor did the duty to disclose arise under the special facts doctrine, as the complaint does not allege that defendants had superior knowledge of essential facts (*see Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 [1st Dept 2005]). Indeed, defendants allegedly failed to disclose that they "*considered* themselves to have stopped practicing law with [Mr. Arkin] on a full-time basis as his partners as of January 6, 2012" (emphasis added). "While there may have been concealment of opinions, there was no concealment of the facts upon which those opinions were based" and defendants "were not bound to volunteer their opinions" (*Amherst Coll. v Ritch*, 151 NY 282, 322 [1897]). Moreover, there was no allegation of superior knowledge, as defendants' belief that AKR had been dissolved as of January 6, 2012 was based on Mr. Arkin's own email of that date.

The motion court providently exercised its discretion by staying the declaratory judgment cause of action (*see e.g. Uptown Healthcare Mgt., Inc. v Rivkin Radler LLP*, 116 AD3d 631 [1st Dept 2014]). A stay is proper, since the determination of the AKR action may dispose of or limit issues involved in this action (*see Belopolsky v Renew Data Corp.*, 41 AD3d 322, 323 [1st Dept 2007]). Indeed, plaintiff requested, among other things, a decla-

ration that defendants were not entitled to any distributions from plaintiff after the date of dissolution of Arkin Kaplan Rice LLP—a nonparty to this action. The dissolution date will be determined in the AKR action. If, after that determination, the parties in this case disagree whether the dissolution date was the date as of which defendants were no longer entitled to distributions from plaintiff, this issue may be raised when the stay in this action is lifted. Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.