■ LORELEY FINANCING (JERSEY) No. 4 LIMITED et al., Appellants, v UBS LIMITED et al., Respondents, et al., Defendants. [998 NYS2d 172]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 30, 2013, dismissing the complaint with prejudice as against defendants UBS Limited, UBS Securities LLC, and UBS AG (collectively UBS) and Declaration Management & Research LLC (Declaration), unanimously modified, on the law, to reinstate the fraud claim, and otherwise affirmed, without costs. Appeal from orders, same court and Justice, entered April 8, 2013, which granted the motions of

UBS and Declaration to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered December 24, 2013, which, to the extent appealed from as limited by the briefs, denied, sub silentio, plaintiffs' motion for leave to amend their fraud and unjust enrichment causes of action, unanimously affirmed as to the unjust enrichment cause of action, and the appeal therefrom otherwise dismissed as academic, without costs.

The motion court did not have the benefit of our decisions in *Loreley Fin. (Jersey) No. 3 Ltd. v Citigroup Global Mkts. Inc.* (119 AD3d 136 [1st Dept 2014]) and *Loreley Fin. (Jersey) No. 28, Ltd. v Merrill Lynch, Pierce, Fenner & Smith Inc.* (117 AD3d 463 [1st Dept 2014]), which are very similar to the case at bar. In light of *Citigroup* and *Merrill Lynch,* the fraud claim should be reinstated, but the causes of action for rescission, unjust enrichment, conspiracy to defraud, and aiding and abetting fraud were properly dismissed.

Because plaintiffs are only limited-recourse creditors, their fraudulent conveyance claim was properly dismissed (*see Loreley Fin. [Jersey] No. 3 Ltd. v Wells Fargo Sec., LLC,* 2013 WL 1294668, \*15, 2013 US Dist LEXIS 49665, \*47-48 [SD NY 2013]). Furthermore, Declaration is not a proper defendant on the fraudulent conveyance claim, since plaintiffs merely allege that it assisted UBS in making a fraudulent conveyance, without being a transferee or beneficiary thereof (*see e.g. Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840, 841-842 [1990]).

Plaintiffs' proposed amended complaint changed only the allegations relating to the fraud and unjust enrichment claims. We have reinstated the fraud claim, and the repleading of the unjust enrichment claim is still insufficient in light of *Citigroup, Merrill Lynch,* and *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.* (115 AD3d 128, 141 [1st Dept 2014]). Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.