■ ESTATE OF LORETTE JOLLES SHEFNER, Deceased, et al., Respondents, v GALERIE JACQUES DE LA BERAUDIERE et al., Defendants, and YVES BOUVIER, Appellant. [5 NYS3d 100]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered November 14, 2013, which, to the extent appealed from, denied defendant Bouvier's motion to dismiss the first amended complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the first amended complaint as against Bouvier.

In this action, plaintiffs assert that defendant Bouvier assisted with the fraudulent transfer of a piece of artwork (the de Kooning Piece), which included falsely claiming ownership of the painting, in order to deprive plaintiffs of monies to which they are entitled pursuant to a federal default judgment. The first amended complaint alleges that Bouvier's claims to ownership are false and that he "has never owned the de Kooning Piece, and presently has no ownership interest in the de Kooning Piece."

The primary issue on this appeal is whether the first amended complaint fails to state a claim against Bouvier. Providing assistance to an alleged transferee does not state a claim sounding in fraudulent conveyance and, under New York law, there is no claim for aiding and abetting a fraudulent conveyance (*Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840 [1990]). It cannot be said that the facts alleged in the first amended complaint, even when given the benefit of every favorable inference, have asserted that Bouvier had "dominion or control" over the de Kooning Piece, or that he "benefitted in any way from the conveyance," which is necessary to state a claim under a fraudulent transfer theory (*id*. at 842).

Additionally, plaintiffs are estopped from asserting the theory that Bouvier is currently the beneficial owner of the de Kooning Piece, as they previously assumed a directly contrary position in this proceeding in order to effect an attachment. "[A] party who assumes a certain position in a legal proceeding may not thereafter, simply because his interests have changed, assume a contrary position" (*Karasik v Bird*, 104 AD2d 758, 758-759 [1st Dept 1984]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ. ■