■ RAM KHADKA et al., Respondents, v AMERICAN HOME MORTGAGE SERVICING, INC., Appellant. [29 NYS3d 819]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Greco, Jr. J.), dated September 9, 2013, which denied its motion for summary judgment dismissing the complaint, an award of an attorney's fee, and the imposition of sanctions pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint. In support of its motion, the defendant failed to make a prima facie showing of entitlement to judgment as a matter law. The defendant's submissions were insufficient to demonstrate the absence of any material issues of fact (*see* CPLR 3212 [b]; *Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Blair v Otto Brehm, Inc.*, 54 AD3d 702 [2008]; *Irving v Great Atl. & Pac. Tea Co.*, 269 AD2d 358, 359 [2000]).

Similarly, the Supreme Court properly denied that branch of the defendant's motion which sought an award of an attorney's fee, as the defendant failed to establish its entitlement thereto (*see generally Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Griswold Special Care of N.Y., Inc. v Executive Nurses Home Care, Inc.*, 66 AD3d 962, 963 [2009]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to impose a monetary sanction, as the plaintiffs did not engage in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (*see Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798 [2016]; *Keyspan Generation, LLC v Nassau County*, 118 AD3d 949, 954 [2014]). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.