STARNETTE SWARTZ, Appellant-Respondent, v JEROME SWARTZ et al., Defendants, SHANAH SWARTZ-GORDON et al., Respondents-Appellants, and JAMES P. KING et al., Respondents. [44 NYS3d 452]—

Appeal and cross appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 14, 2014. The order, insofar as appealed from by the plaintiff, (1) denied her motion for a preliminary injunction; (2) granted those branches of the

motion of the defendants Shanah Swartz-Gordon, Nikola Swartz-Hennes, Joshua Swartz, and the first 27 defendant trust, partnership, and corporate entities named in the amended summons and complaint which were (a) to dismiss the amended complaint insofar as asserted against those 27 defendant entities, (b) pursuant to CPLR 3211 (a) (7) to dismiss certain causes of action insofar as asserted against the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes, and (c), in effect, to stay various causes of action insofar as asserted against the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes pending resolution of an action entitled *Swartz v Swartz* (Supreme Court, Suffolk County, index No. 10874/09); (3) granted those branches of the motion of the defendants James P. King and James P. King & Associates, LLC, which were (a) to dismiss certain causes of action insofar as asserted against them, and (b) to stay the cause of action to recover damages for accounting malpractice insofar as asserted against them; and (4) denied those branches of her cross motion which were pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions. The order, insofar as cross-appealed from by the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes, denied those branches of their motion made with the defendant Joshua Swartz, and the first 27 defendant trust, partnership, and corporate entities named in the amended summons and complaint which were (a) pursuant to CPLR 3211 (a) (4) and (7) to dismiss the causes of action under Debtor and Creditor Law §§ 273, 275, 276 and 278, to recover attorneys' fees, for a permanent injunction, and for a declaratory judgment insofar as asserted against the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes, and (b) pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants Shanah Swartz-Gordon, Nikola Swartz-Hennes, Joshua Swartz, and the first 27 defendant trust, partnership, and corporate entities named in the amended summons and complaint which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action under Debtor and Creditor Law §§ 273, 275 and 278, and for a permanent injunction insofar as asserted against the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes, and substituting therefor a provision granting those branches of that motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Shanah Swartz-Gordon, Nikola Swartz-Hennes, Joshua Swartz, and the first 27 defendant trust, partnership,

and corporate entities named in the amended summons and complaint which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging conversion insofar as asserted against the defendants Shanah Swartz-Gordon and Nikola Swartz-Hennes, and substituting therefor a provision denying that branch of that motion and staying litigation of this cause of action pending resolution of an action entitled *Swartz v Swartz*, pending in the Supreme Court, Suffolk County, under index No. 10874/09, and (3) by deleting the provision thereof granting that branch of the motion of the defendants James P. King and James P. King & Associates, LLC, which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging unjust enrichment insofar as asserted against them and substituting therefor a provision denying that branch of their motion and staying litigation of this cause of action pending resolution of an action entitled *Swartz v Swartz*, pending in the Supreme Court, Suffolk County, under index No. 10874/09; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondent trust, partnership, and corporate entities payable by the plaintiff.

In April 2009, the plaintiff, Starnette Swartz, commenced an action for a divorce and ancillary relief against her husband, Jerome Swartz (hereinafter the matrimonial action). In connection with the matrimonial action, Starnette Swartz and Jerome Swartz entered into a so-ordered stipulation, which, inter alia, restricted their ability to transfer or dispose of certain assets. The plaintiff then commenced this action against Jerome Swartz; James P. King and James P. King & Associates, LLC (hereinafter together the King defendants), who were the accountants for the plaintiff and Jerome Swartz during their marriage; Shanah Swartz-Gordon and Nikola Swartz-Hennes, who are Jerome Swartz's two daughters from a prior marriage (hereinafter together the Swartz daughters); Joshua Swartz, who is Jerome Swartz's son from the prior marriage; and 27 trust, partnership, and corporate entities that Jerome Swartz allegedly had an interest in or controlled (hereinafter collectively the corporate defendants). In an amended summons and complaint, three partnerships and one corporate entity were added as defendants (hereinafter collectively the added defendants). The plaintiff contended that Jerome Swartz, with the help of the King defendants, transferred assets to his children, the corporate defendants, and the added defendants in order to hide these assets and to deprive the plaintiff of her right to equitable distribution in connection with the matrimonial action.

The plaintiff moved for a preliminary injunction, inter alia, enjoining the corporate defendants, the Swartz daughters, and Joshua Swartz (hereinafter collectively the Swartz defendants), and the King defendants from transferring or disposing of assets or funds to the extent that they received such assets or funds from Jerome Swartz beginning on January 1, 2009, until the present. The King defendants moved, inter alia, to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), or to stay the action pending resolution of the matrimonial action. The Swartz defendants separately moved, inter alia, to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (4) and (7), and for sanctions pursuant to 22 NYCRR 130-1.1 from the plaintiff. The plaintiff cross-moved for sanctions pursuant to 22 NYCRR 130-1.1 against all of the defendants.

The Supreme Court denied the plaintiff's motion for a preliminary injunction and the plaintiff's cross motion for sanctions. The court granted those branches of the motions of the King defendants and the Swartz defendants which were to dismiss the amended complaint insofar as asserted against the corporate defendants and all of the causes of action asserted against the King defendants pursuant to CPLR 3211 (a) (7), with the exception of the accounting malpractice cause of action asserted against the King defendants, which the court stayed pending a determination regarding the plaintiff's equitable distribution rights in the matrimonial action. The court denied that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint insofar as asserted against the Swartz daughters. The court also denied those branches of the Swartz defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action under Debtor and Creditor Law §§ 273, 275, 276, 276-a and 278, for a declaratory judgment, and for a permanent injunction insofar as asserted against the Swartz daughters and stayed these causes of action pending a determination regarding the plaintiff's equitable distribution rights in the matrimonial action. The court also held that the Swartz daughters were not entitled to sanctions from the plaintiff. However, the court granted those branches of the Swartz defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud, aiding and abetting fraud, conversion, conspiracy, and unjust enrichment, for an accounting, and to impose a constructive trust insofar as asserted against the Swartz daughters. The plaintiff appeals and the Swartz daughters cross-appeal.

"To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor" (*M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *see* CPLR 6301). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 792 [2012]). Here, the plaintiff failed to demonstrate irreparable injury since she did not establish that monetary damages would be inadequate compensation (*see Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1053-1054 [2010]; *Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 740 [2010]; *Etzion v Etzion*, 62 AD3d 646, 655 [2009]; *Leo v Levi*, 304 AD2d 621, 623 [2003]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction restraining the King defendants and the Swartz defendants from, inter alia, transferring assets that they received from Jerome Swartz after January 1, 2009.

The Supreme Court properly denied that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint insofar as asserted against the Swartz daughters. " 'Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same' " (*Mazzei v Kyriacou*, 139 AD3d 823, 824 [2016], quoting *DAIJ, Inc. v Roth*, 85 AD3d 959, 959 [2011]; *see* CPLR 3211 [a] [4]; *Whitney v Whitney*, 57 NY2d 731, 732 [1982]). It is not necessary that the precise legal theories presented in the first action also be presented in the second action as long as the relief sought is the same or substantially the same (*see Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2009]). Here, the relief sought in this action is not substantially the same as the relief sought in the matrimonial action, and there is not a substantial identity of the parties because the 36 additional parties in this action are alleged to have engaged in tortious conduct (*see Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1036 [2009]; *Pagoulatou v Kourkoumelis*, 14 Misc 3d 1222[A], 2007 NY Slip Op 50125 [U] [Sup Ct, Queens County 2007]; *cf. Rossignol v Rossignol*, 82 AD3d 1335 [2011]; *Liebert v TIAA-CREF*, 34 AD3d 756 [2006]; *Raik v Clindent Devs.*, 282 AD2d 513 [2001]; *St. John v St. John*, 201 AD2d 552 [1994]).

With respect to that branch of the King defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action, which alleged breach of fiduciary duty insofar as asserted against them, " '[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct' " (*Stortini v Pollis*, 138 AD3d 977, 978-979 [2016], quoting *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013], and *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]). A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016 (b) (*see Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660; *Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 808 [2011]). Here, affording the amended complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference, the amended complaint failed to plead with the requisite particularity the existence of a fiduciary duty between the plaintiff and the King defendants and a breach thereof (*see Theaprin Pharms., Inc. v Conway*, 137 AD3d 1254, 1255 [2016]). Accordingly, the Supreme Court properly granted that branch of the King defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of fiduciary duty asserted against them.

The Supreme Court properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, which alleged fraud insofar as asserted against the King defendants, the Swartz daughters, and the corporate defendants. The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages (*see Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 892 [2015]). To sustain a cause of action alleging fraudulent concealment, the plaintiff must allege that the defendant had a duty to disclose the material information (*see Bannister v Agard*, 125 AD3d 797, 798 [2015]). Pursuant to CPLR 3016 (b), where a cause of action is based on fraud, the "circumstances constituting the wrong" must be "stated in detail," including "specific dates and items" (*Orchid Constr. Corp. v Gottbetter*, 89 AD3d 708, 710 [2011] [internal quotation marks omitted]; *see Doukas v Ballard*, 135 AD3d 896, 898 [2016]).

With respect to the King defendants, although the amended

complaint alleged that they made a statement to the plaintiff to transfer her interest in certain real property for tax purposes, there was no factual support for the plaintiff's assertion that this statement was false or a misrepresentation of fact (*see Nanomedicon, LLC v Research Found. of State Univ. of N.Y.*, 112 AD3d 594, 598 [2013]; *Caldwell v Gumley-Haft L.L.C.*, 55 AD3d 408 [2008]). The remaining allegations in the amended complaint regarding alleged misstatements that the King defendants made to the plaintiff, including that they issued false financial statements and accounting reports to the plaintiff, were not pleaded in accordance with CPLR 3016 (b). The amended complaint also failed to allege a basis for imposing a duty on the King defendants to disclose to the plaintiff the alleged transfers that Jerome Swartz made because they did not have a fiduciary or confidential relationship with the plaintiff. Additionally, the amended complaint failed to allege that the Swartz daughters made any material misrepresentations of fact to the plaintiff or that they owed a duty to the plaintiff to disclose the transfers that Jerome Swartz allegedly made (*see Nafash v Allstate Ins. Co.*, 137 AD3d 1088, 1090 [2016]; *Sanford/Kissena Owners Corp. v Daral Props., LLC*, 84 AD3d 1210, 1211 [2011]). Similarly, there were no allegations in the amended complaint that the corporate defendants made any misrepresentations of fact to the plaintiff or that they owed a duty to disclose information to the plaintiff.

"The elements of a cause of action alleging aiding and abetting fraud are 'an underlying fraud, [the] defendants' knowledge of this fraud, and [the] defendants' substantial assistance in the achievement of the fraud' " (*Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 894 [2015], quoting *High Tides, LLC v DeMichele*, 88 AD3d 954, 960-961 [2011]), and, pursuant to CPLR 3016 (b), the "circumstances constituting the wrong" must be "stated in detail" (*Doukas v Ballard*, 135 AD3d at 898 [internal quotation marks omitted]). Here, the Supreme Court properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the ninth cause of action alleging aiding and abetting fraud insofar as asserted against the King defendants, the Swartz daughters, and the corporate defendants (*see McBride v KPMG Intl.*, 135 AD3d 576, 579 [2016]; *High Tides, LLC v DeMichele*, 88 AD3d at 960-961; *CRT Invs., Ltd. v BDO Seidman, LLP*, 85 AD3d 470, 472 [2011]; *Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]).

" 'The elements of a cause of action to impose a constructive

trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment' " (*Mazzei v Kyriacou*, 139 AD3d at 824, quoting *Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012]; *see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). The King defendants did not owe a confidential or fiduciary relationship to the plaintiff as her accountants (*see Kain Dev., LLC v Krause Props., LLC*, 130 AD3d 1229, 1235 [2015]; *Zuley v Elizabeth Wende Breast Care, LLC*, 126 AD3d 1460, 1462 [2015]). The amended complaint also failed to allege that the Swartz daughters or the corporate defendants had a confidential or fiduciary relationship with the plaintiff, that they made a promise to the plaintiff, or that the plaintiff transferred something in reliance upon any such promise (*see Silberstang v Biderman-Gross*, 134 AD3d 693, 695 [2015]; *Igneri v Igneri*, 125 AD3d 813, 814 [2015]). Accordingly, the Supreme Court properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the eleventh cause of action, which sought to impose a constructive trust, insofar as asserted against the King defendants, the Swartz daughters, and the corporate defendants.

The Supreme Court also properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the fifteenth cause of action for an accounting insofar as asserted against the King defendants and the corporate defendants since the plaintiff failed to allege that they had a confidential or fiduciary relationship with her (*see Stortini v Pollis*, 138 AD3d at 979; *Center for Rehabilitation & Nursing at Birchwood, LLC v S & L Birchwood, LLC*, 92 AD3d 711, 713 [2012]; *Baer v Complete Off. Supply Warehouse Corp.*, 89 AD3d 877, 878 [2011]; *Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 643 [2011]).

With respect to the thirteenth cause of action, which alleged conspiracy, "[a]lthough New York does not recognize civil conspiracy to commit a tort . . . as an independent cause of action, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (*JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 580 [2014] [internal quotation marks omitted]). Moreover, " 'under New York Law, [i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled

with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement' " (*Blanco v Polanco*, 116 AD3d 892, 896 [2014], quoting *Faulkner v City of Yonkers*, 105 AD3d 899, 900 [2013]). The amended complaint failed to allege that the King defendants, the Swartz daughters, or the corporate defendants had an agreement with Jerome Swartz or each other to commit a tort, or that the Swartz daughters committed an overt act in furtherance of any such agreement (*see Matter of Nocro, Ltd. v Russell*, 94 AD3d 894, 895 [2012]). Accordingly, the Supreme Court properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging conspiracy insofar as asserted against the King defendants, the Swartz daughters, and the corporate defendants.

Pursuant to Debtor and Creditor Law § 276, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (Debtor and Creditor Law § 276). A cause of action under Debtor and Creditor Law § 276 must be pleaded with sufficient particularity pursuant to CPLR 3016 (b) (*see Gaetano Dev. Corp. v Lee*, 121 AD3d 838, 840 [2014]; *Ray v Ray*, 108 AD3d 449, 451 [2013]). Additionally, "Debtor and Creditor Law § 278 provides that a fraudulent conveyance may be set aside on behalf of a creditor whose claim has matured 'as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase' " (*Sardis v Frankel*, 113 AD3d 135, 141 [2014], quoting Debtor and Creditor Law § 278 [1]; *see Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC*, 58 AD3d 694, 696 [2009]).

The Supreme Court properly determined that the amended complaint stated a cause of action under Debtor and Creditor Law § 276 against the Swartz daughters. The amended complaint alleged that there were several "badges of fraud" that gave rise to an inference of the intent of Jerome Swartz and the Swartz daughters to hinder, delay, or defraud the plaintiff, including that the transfers were between family members, were for inadequate or no consideration, and were made after the matrimonial action had been commenced (*see Machado v A. Canterpass, LLC*, 115 AD3d 652, 654 [2014]; *Pen Pak Corp. v LaSalle Natl. Bank of Chicago*, 240 AD2d 384 [1997]). Contrary to the Swartz daughters' contention, the plaintiff sufficiently alleged that she is a creditor of Jerome

Swartz (*see Henry v Soto-Henry*, 89 AD3d 617, 618 [2011]; Debtor and Creditor Law § 270; *see also Kasinski v Questel*, 99 AD2d 396, 397 [1984]). For the same reasons, the amended complaint adequately pleaded a cause of action to recover attorneys' fees pursuant to Debtor and Creditor Law § 276-a against the Swartz daughters (*see Peery v United Capital Corp.*, 84 AD3d 1201, 1204 [2011]; *Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 150 [2009]; *Combina Inc. v Iconic Wireless Inc.*, 32 Misc 3d 1231[A], 2011 NY Slip Op 51511[U] [Sup Ct, Kings County 2011]), and a cause of action for declaratory relief against the Swartz daughters (*see 5706 Fifth Ave., LLC v Louzieh*, 108 AD3d 589, 591 [2013]).

However, the Supreme Court should have granted that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action under Debtor and Creditor Law § 278 insofar as asserted against them because the plaintiff did not allege that her claim against Jerome Swartz had matured (*see* Debtor and Creditor Law § 278; *see generally Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840, 842 [1990]; *cf.* Debtor and Creditor Law § 279).

The allegations in the amended complaint failed to sufficiently set forth a cause of action under Debtor and Creditor Law § 276 insofar as asserted against the corporate defendants. The amended complaint failed to make specific factual allegations with respect to many of the corporate defendants. Where the amended complaint pleaded factual allegations regarding some of the corporate defendants, it failed to plead with particularity that they engaged in a fraudulent conveyance (*see* CPLR 3016 [b]; *Gaetano Dev. Corp. v Lee*, 121 AD3d at 840; *Cuglietto v Ferone*, 269 AD2d 556, 556 [2000]; *Menaker v Alstaedter*, 134 AD2d 412, 413 [1987]). For the same reasons, the Supreme Court properly granted that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover attorneys' fees pursuant to Debtor and Creditor Law § 276-a, and alleging a violation of Debtor and Creditor Law § 278 insofar as asserted against the corporate defendants.

The Supreme Court also properly granted those branches of the King defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging violations of Debtor and Creditor Law §§ 276 and 278 and to recover attorneys' fees pursuant to Debtor and Creditor Law § 276-a insofar as asserted against them because they were not transferees of any assets or beneficiaries of the alleged fraudulent conveyances (*see Federal Deposit Ins. Corp. v Porco*,

75 NY2d 840 [1990]; *Cantor Fitzgerald & Co. v 8an Capital Partners Master Fund, L.P.*, 132 AD3d 402, 402 [2015]; *Citicorp Trust Bank, FSB v Makkas*, 127 AD3d 907, 908 [2015]; *Estate of Shefner v Beraudiere*, 127 AD3d 442 [2015]; *Loreley Fin. [Jersey] No. 4 Ltd. v UBS Ltd.*, 123 AD3d 413, 414 [2014]; *Cahen-Vorburger v Vorburger*, 41 AD3d 281, 282 [2007]).

Further, the Supreme Court should have granted that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged violations of Debtor and Creditor Law §§ 273 and 275 insofar as asserted against the Swartz daughters. The amended complaint merely alleged in a conclusory manner that Jerome Swartz was rendered insolvent as a result of the transfers that he made; the facts alleged in the complaint do not support any inference that Jerome Swartz was insolvent or that he intended or believed that he would incur debts beyond his ability to pay as a result of the transfers (*see Wildman & Bernhardt Constr. v BPM Assoc.*, 273 AD2d 38, 39 [2000]; Debtor and Creditor Law §§ 271 [1]; 273, 275; *see also Zanani v Meisels*, 78 AD3d 823, 825 [2010]; *Grace Plaza of Great Neck v Heitzler*, 2 AD3d 780, 781 [2003]). For the same reasons, the court properly granted that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action under Debtor and Creditor Law §§ 273 and 275 insofar as asserted against the corporate defendants.

The King defendants, the corporate defendants, and the Swartz daughters were also entitled to dismissal of the twelfth cause of action, which sought a permanent injunction insofar as asserted against them. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a 'violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Caruso v Bumgarner*, 120 AD3d 1174, 1175 [2014], quoting *Elow v Svenningsen*, 58 AD3d 674, 675 [2009]). " 'A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction' " (*Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 403, 408 [2009], quoting *Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *see Matter of Long Is. Power Auth. Hurricane Sandy Litig.*, 134 AD3d 1119, 1120 [2015]). "Injunctive relief is 'to be invoked only to give protection for the future . . . [t]o prevent repeated violations, threatened or probable, of the [plaintiffs']

property rights'" (*Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d at 408, quoting *Exchange Bakery & Rest. v Rifkin*, 245 NY 260, 264-265 [1927]). The amended complaint failed to sufficiently allege that a permanent injunction was necessary to protect the plaintiff from a threatened or probable risk posed by the King defendants, the Swartz daughters, or the corporate defendants, or that monetary damages would be inadequate compensation (*see generally Massaro v Jaina Network Sys., Inc.*, 106 AD3d 701, 703 [2013]; *Lemle v Lemle*, 92 AD3d 494, 500 [2012]). Therefore, the Supreme Court properly granted those branches of the motions of the King defendants and the Swartz defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for a permanent injunction insofar as asserted against the King defendants and the corporate defendants, and should have granted that branch of the motion of the Swartz defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action for a permanent injunction insofar as asserted against the Swartz daughters.

The King defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (7) of the eighth cause of action, which alleged unjust enrichment insofar as asserted against them. "The elements of a cause of action to recover for unjust enrichment are '(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (*GFRE, Inc. v U.S. Bank, N.A.*, 130 AD3d 569, 570 [2015], quoting *Mobarak v Mowad*, 117 AD3d 998, 1001 [2014]). A cause of action alleging unjust enrichment requires the plaintiff to set forth that the defendant possessed property or assets of the plaintiff (*see Roslyn Union Free School Dist. v Barkan*, 71 AD3d 660, 661 [2010], *mod* 16 NY3d 643 [2011]). Here, construing the amended complaint liberally, as augmented by the plaintiff's affidavit, the plaintiff sufficiently alleged that her assets were used to compensate the King defendants for their accounting services, and that they were unjustly enriched at her expense when they failed to perform or negligently performed these services on her behalf. Accordingly, the Supreme Court erred in granting that branch of the King defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging unjust enrichment insofar as asserted against them.

The Supreme Court, however, properly granted that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging unjust enrichment insofar as asserted against the Swartz daughters

and the corporate defendants. The amended complaint merely alleged, in a conclusory fashion, that Swartz-Gordon was unjustly enriched to the plaintiff's detriment when she knowingly kept money that Jerome Swartz gave her, that Swartz-Hennes was unjustly enriched to the plaintiff's detriment when Jerome Swartz forgave her loans, and that the corporate defendants received funds, assets, and property to the plaintiff's detriment and were unjustly enriched, which were bare legal conclusions (*see Goel v Ramachandran*, 111 AD3d 783, 791-792 [2013]).

The Supreme Court also erred in granting that branch of the Swartz defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the tenth cause of action, which alleged conversion insofar as asserted against the Swartz daughters. The amended complaint adequately alleged that Jerome Swartz unlawfully and without the plaintiff's consent gave Swartz-Gordon assets in the amount of $1,166,403 that the plaintiff owned, and that Swartz-Hennes unlawfully and without the plaintiff's consent exercised authority and control over assets in the amount of $3,516,662 that the plaintiff owned (*see Goldberger v Rudnicki*, 94 AD3d 1047, 1048 [2012]; *Thys v Fortis Sec. LLC*, 74 AD3d 546, 547 [2010]). The plaintiff's ultimate ability to prove these allegations is not relevant (*see SV Vernon 43, LLC v Malik*, 138 AD3d 730, 731 [2016]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in staying the cause of action alleging accounting malpractice insofar as asserted against the King defendants, and the causes of action under Debtor and Creditor Law §§ 276 and 276-a and for declaratory relief insofar as asserted against the Swartz daughters, pending a determination in the matrimonial action regarding the plaintiff's rights, if any, in the assets allegedly transferred by Jerome Swartz (*see* CPLR 2201; *SSA Holdings LLC v Kaplan*, 120 AD3d 1111, 1111 [2014]; *Uptown Healthcare Mgt., Inc. v Rivkin Radler LLP*, 116 AD3d 631 [2014]; *Concord Assoc., L.P. v EPT Concord, LLC*, 101 AD3d 1574, 1575 [2012]; *Oxbow Calcining USA Inc. v American Indus. Partners*, 96 AD3d 646, 652 [2012]). For the same reasons, litigation of the cause of action alleging unjust enrichment insofar as asserted against the King defendants and the cause of action alleging conversion insofar as asserted against the Swartz daughters should be stayed pending a determination in the matrimonial action regarding the plaintiff's equitable distribution rights.

The Supreme Court providently exercised its discretion in denying those branches of the plaintiff's cross motion which

were for attorneys' fees and to impose monetary sanctions on the King defendants, the Swartz daughters, and the corporate defendants pursuant to 22 NYCRR 130-1.1 (*see Khadka v American Home Mtge. Servicing, Inc.*, 139 AD3d 808, 809 [2016]; *Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798, 800 [2016]; *Schwartz v Sayah*, 72 AD3d 790, 792 [2010]). The court also providently exercised its discretion in determining that the Swartz daughters were not entitled to sanctions from the plaintiff because they failed to demonstrate that the plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1. We decline to award the Swartz daughters sanctions based on the plaintiff's references in her reply brief to matter dehors the record, and note that we have not considered the plaintiff's contentions to the extent that they pertain to matter dehors the record (*see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048, 1049 [2015]). Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.