Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC (2019 NY Slip Op 06587)





Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC


2019 NY Slip Op 06587


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-04521 
2018-04522
 (Index No. 703957/17)

[*1]Board of Managers of East River Tower Condominium, appellant, 
v
Empire Holdings Group, LLC, et al., respondents, et al., defendants.


Offit Kurman, New York, NY (Paul M. Hellegers of counsel), for appellant.
O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York, NY (James Freire and David M. Chaise of counsel), for respondents Empire Holdings Group, LLC, and Photios Cougentakis.
Mintzer Sarowitz Zeris Ledva & Meyers LLP, New York, NY (Bradley J. Levien of counsel), for respondent Constantine Iordanou.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from two orders of the Supreme Court, Queens County (Robert J. McDonald, J.), both dated February 15, 2018. The first order, insofar as appealed from, granted that branch of the motion of the defendant Constantine Iordanou which was pursuant to CPLR 3211(a) to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against him. The second order, insofar as appealed from, granted that branch of the motion of the defendants Empire Holdings Group, LLC, and Photios Cougentakis which was pursuant to CPLR 3211(a) to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against the defendant Photios Cougentakis.
ORDERED that the first order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Constantine Iordanou which was pursuant to CPLR 3211(a) to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against him is denied; and it is further,
ORDERED that the second order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Empire Holdings Group, LLC, and Photios Cougentakis which was pursuant to CPLR 3211(a) to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against the defendant Photios Cougentakis is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
The condominium apartment building at issue in this case was developed by Empire Holdings Group, LLC (hereinafter the sponsor), pursuant to an offering plan. In an effort to recover damages for the alleged defective design and construction of the condominium, the plaintiff commenced this action against, among others, the sponsor and two of the sponsor's principals, Photios Cougentakis and Constantine Iordanou. The first cause of action was to recover damages for breach of contract, and was asserted against the sponsor, Cougentakis, and Iordanou. The fifth cause of action was asserted against Cougentakis and Iordanou, and sought to set aside alleged fraudulent conveyances pursuant to Debtor and Creditor Law article 10. Iordanou moved, among other things, pursuant to CPLR 3211(a) to dismiss the fifth cause of action insofar as asserted against him, and the sponsor and Cougentakis moved, inter alia, to dismiss the fifth cause of action insofar as asserted against Cougentakis. The Supreme Court issued two orders, one as to each motion, among other things, granting those branches of the motions. The plaintiff appeals from so much of the orders as granted those branches of the motions which were to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 880-881; Sokol v Leader, 74 AD3d 1180, 1181). Pursuant to Debtor and Creditor Law § 273, a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (see Debtor and Creditor Law § 273; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303). Pursuant to Debtor and Creditor Law § 274, a conveyance is fraudulent as to creditors without regard to actual intent when it is "made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his [or her] hands after the conveyance is an unreasonably small capital" (see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 747-748). Section 270 of the Debtor and Creditor Law defines "creditor" as any "person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent."
Here, the complaint's fifth cause of action sufficiently states cognizable claims alleging fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273 and 274. Since valid claims of violations of Debtor and Creditor Law §§ 273 and 274 do not require proof of actual intent to defraud, such claims are not required to be pleded with the particularity required by CPLR 3016(b) (see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141; Menaker v Alstaedter, 134 AD2d 412). Further, the plaintiff sufficiently alleged that it is a creditor of the sponsor since it asserted a breach of contract cause of action against the sponsor, even though said cause of action was unmatured at the time of the alleged conveyances (see Debtor and Creditor Law §§ 270, 279; American Sur. Co. v Connor, 251 NY 1, 7; see also Swartz v Swartz, 145 AD3d 818; Henry v Soto-Henry, 89 AD3d 617; Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, affd 48 NY2d 954). Accordingly, the Supreme Court should have denied those branches of the motions which were to dismiss so much of the fifth cause of action as sought relief pursuant to Debtor and Creditor Law §§ 273 and 274.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court