Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP (2024 NY Slip Op 02670)

Patterson Belknap Webb & Tyler LLP v Marcus & Cinelli LLP

2024 NY Slip Op 02670

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 652711/22 Appeal No. 2276 Case No. 2023-02219 

[*1]Patterson Belknap Webb & Tyler LLP, Respondent,
v
Marcus & Cinelli LLP et al., Appellants, John Does # 1-99, Defendants.

The Law Office of David P. Marcus, PLLC, Williamsville (David P. Marcus of counsel), for Marcus & Cinelli, LLP and David P. Marcus, appellants.
Schiffmacher Cinelli Adoff LLP, Buffalo (Aaron M. Adoff of counsel), for Brian L. Cinelli, appellant.
Patterson Belknap Webb & Tyler LLP, New York (David S. Kleban of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 4, 2023, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to dismiss so much of the first cause of action as relies on former Debtor and Creditor Law §§ 273 and 274 (repealed by L 2019, ch 580, § 2), and otherwise affirmed, without costs.
In 2013, plaintiff obtained a judgment against nonparty Barbara Stewart for more than $2 million arising from legal services rendered. That same year, plaintiff served Stewart with a restraining notice prohibiting her from selling or transferring any property until the judgment was satisfied. According to the allegations in the complaint, defendants, attorneys who later represented Stewart, knew about the restraining notice, yet in 2016 facilitated a sale of her personal property, a diamond ring, at a private auction that yielded nearly $3 million. Plaintiff alleges that defendants paid some of Stewart's debts with the proceeds of the sale and deposited the rest of the funds into an IOLA and escrow account, later using the funds to make various payments on Stewart's behalf, including some payments to themselves. Plaintiff's judgment against Stewart has never been paid. Plaintiff commenced this action against defendants, interposing causes of action for violations of former Debtor and Creditor Law §§ 273, 273-a, 274, 275, and 276 (first, second, and third causes of action). Plaintiffs also interpose a cause of action against defendants David P. Marcus and the law firm of Marcus and Cinelli LLP (the firm) for civil contempt (fifth cause of action).
Defendants did not establish that they were entitled to dismissal of the causes of action insofar as they are based on a theory of fraudulent conveyance. First, the affidavit that David Marcus submitted on the motion does not constitute documentary evidence under CPLR 3211(a)(1) (see Arts & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]). Second, Marcus's affidavit does not conclusively establish that plaintiff has no cause of action under CPLR 3211(a)(7) (see Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). Although Marcus avers in his affidavit that defendants had no dominion and control over the firm's IOLA accounts or over the escrow accounts into which the proceeds were allegedly transferred from the IOLA, this averment does not compel dismissal of the complaint, as dominion and control is not the only possible basis for liability on a fraudulent conveyance cause of action. On the contrary, liability may also attach if defendants benefited in any way from a transfer (see Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]; see also Estate of Shefner v Beraudiere, 127 AD3d 442, 442 [1st Dept 2015]). At this stage of the litigation, it has not been established that defendants did not benefit from the alleged transfer.
Similarly, defendants [*2]failed to establish that they were entitled to dismissal of the constructive fraud claims under Debtor and Creditor Law §§ 273-a and 275, as defendants cannot establish at this stage that the allegedly fraudulent transfers to them were made in good faith, either by the transferor (Stewart) or the transferees (defendants) (former Debtor and Creditor Law § 272[a]; see e.g. Sardis v Frankel, 113 AD3d 135, 142-143 [1st Dept 2014]).
We reject the argument by Marcus and the firm that the fraudulent conveyance claims are time-barred. A claim for constructive fraud is governed by a six-year statute of limitations, and arises at the time the fraud or conveyance occurs (CPLR 213[1]; see Jaliman v D.H. Blair & Co., Inc., 105 AD3d 646, 647 [1st Dept 2013]). A claim for actual fraud (Debtor and Creditor Law § 276) is timely if brought either within six years of the date that the fraud or conveyance occurs or within two years of the date that the fraud or conveyance is discovered or should have been discovered, whichever is longer (Wall St. Assoc. v Brodsky, 257 AD2d 526, 530 [1st Dept 1999]). The conveyances — which include assignments as well as actual payments of money — allegedly occurred on August 3, 2016 and in December 2017. Plaintiff commenced this action on August 2, 2022, rendering the action timely (former Debtor and Creditor Law § 270; see Avalon LLC v Coronet Props. Co., 306 AD2d 62, 63 [1st Dept 2003], lv denied 100 NY2d 513 [2003]).
We also reject defendants' contention that plaintiff waived its claims because it failed to intervene in a federal case between Stewart and her former daughter-in-law. Waiver should not lightly be presumed and generally presents a question of fact (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]). Moreover, contrary to defendants' assertions, plaintiff's claims are not foreclosed by the principle that a creditor cannot reach assets in which the debtor has no interest, as the federal litigation did not establish that Stewart had no interest in the diamond ring (see Swezey v Merrill Lynch Pierce, Fenner & Smith, Inc., 87 AD3d 119, 127 [1st Dept 2011], affd 19 NY3d 543 [2012]).
The doctrine of estoppel does not bar plaintiff's claims, as there is no evidence that plaintiff's words or conduct misled defendants, or that defendants justifiably relied to their disadvantage on any words or conduct plaintiff (Fundamental Portfolio Advisors, 7 NY3d at 106-107).
However, the complaint's allegations of insolvency and inadequate capitalization are too conclusory to support fraudulent conveyance claims under Debtor and Creditor Law §§ 273 and 274 (see Eagle Eye Collection Corp. v Shariff, 190 AD3d 600, 602 [1st Dept 2021]; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-39 [1st Dept 2000]). Among other deficiencies, the complaint contains no allegations about the "present fair salable value" (Debtor and Creditor Law § 271[1]) of the Bermuda estate or about Stewart's financial [*3]condition in December 2017, the date of the second transfer. Accordingly, we dismiss so much of the first cause of action as relies on Debtor and Creditor Law §§ 273 and 274.
Contrary to defendants' arguments, the actual fraud claim is pleaded with sufficient particularity to survive a motion to dismiss, as the complaint sufficiently alleges "badges of fraud" with respect to Stewart's intent to defraud plaintiff (Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). That the complaint does not set forth allegations regarding the transferee's intent does not compel dismissal, because at the pleading stage, only the intent of the transferor is relevant; the intent of the transferee is not (see McCormack Family Charitable Found. v Fidelity Brokerage Servs., LLC, 2020 WL 2542089, *5 [Sup Ct, NY County, May 19, 2020, index No. 655270/2018], affd in part, appeal dismissed in part 195 AD3d 420 [1st Dept 2021], lv denied 31 NY3d 912 [2021]).
We decline to dismiss the cause of action for civil contempt. Plaintiff has sufficiently stated a cause of action by alleging that Marcus and the firm were aware of the restraining order and acted as their client's agent to cause the notice to be violated (see Wimbledon Fin. Master Fund, Ltd. v Bergstein, 2018 NY Slip Op 30868[U], *9-10 [Sup Ct, NY County, May 10, 2018, index No. 150584/2016], mod on other grounds 133 AD3d 401 [1st Dept 2019], lv dismissed 34 NY3d 1152 [2020]).
Defendant Brian L. Cinelli's contention that the claims against him should be dismissed because the only specific allegation about him is that he was a partner of the firm is not properly before as, as he did not raise this argument before Supreme Court.
We have considered and rejected the parties' remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024